Donald **LINDLEY** and Rita **Lindley,**
**Plaintiffs-Appellants,**

v.

**GENERAL ELECTRIC COMPANY,**
**etc., Defendants,**

**and**

**Stone & Webster Engineering Corporation, Defendant-Appellee.**

No. 84–1582.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted Jan. 15, 1985.

Decided Jan. 14, 1986.

---

Gary Nadler, Petaluma, Cal., for plaintiffs-appellants.

Richard C. Brautigam, McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., for defendant-appellee.

Before FLETCHER, BOOCHEVER and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

Plaintiffs Donald and Rita Lindley filed this personal injury action in California state court within one year as required by the applicable California statute of limitations. Cal.Civ.Proc.Code § 340(3) (West Supp.1985). After the case was removed to federal court on the basis of diversity jurisdiction by defendant General Electric Company, plaintiffs were granted leave to amend their complaint to add Stone and Webster Engineering Corporation (Stone & Webster) as a defendant. Stone & Webster was not served until after expiration of the one-year limitation period.

The district court dismissed the action against Stone & Webster on the ground that it was time-barred. The court applied Federal Rule of Civil Procedure 15(c) and held that the amendment adding Stone & Webster as a defendant did not relate back to the date of the original complaint because Stone & Webster did not receive notice of the action within the one-year limitation period.[1]

---

1. Rule 15(c) provides in pertinent part as follows:

    (c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in main-

Plaintiffs appeal on the ground that their claim against Stone & Webster is not time-barred because California law regarding the naming of Doe defendants, not Rule 15(c), governs.[2] Under California law, a plaintiff who names a Doe defendant in his complaint and alleges that the defendant's true name is unknown has three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to effect service of the complaint. Cal.Civ.Proc.Code §§ 474, 581a (West 1982).[3] *See Munoz v. Purdy,* 91 Cal.App.3d 942, 946, 154 Cal.Rptr. 472, 474 (1979). When a defendant is brought in by amendment substituting his name for a Doe defendant, he "is considered a party to the action from its commencement for purposes of the statute of limitations." *Barrows v. American Motors Corp.,* 144 Cal. App.3d 1, 7, 192 Cal.Rptr. 380, 382 (1983).

Unlike Rule 15(c), section 474 has no requirement that the newly named defendant have notice of the institution of the action within the time provided for commencement of the action. Plaintiffs claim

they satisfied the requirements of sections 474 and 581a by naming Doe defendants in their original complaint, amending the complaint after removal to federal court to name Stone & Webster as a defendant, and serving Stone & Webster within three years from the commencement of the action.

Thus, if Rule 15(c) applies, the district court was correct in holding that plaintiffs' action against Stone & Webster was time-barred because Stone & Webster did not have notice of the institution of the action within the one-year statutory period. But if California law applies, the action is not time-barred because of the three-year extension of time for naming and serving Stone & Webster.

■ Hence we must decide whether under these circumstances Rule 15(c) or California law applies.[4] Although we find no Ninth Circuit authority on point, the question was squarely addressed in *Rumberg v. Weber Aircraft Corp.,* 424 F.Supp. 294 (C.D.Cal.1976) (Pregerson, J.). In *Rum-*

taining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

**2.** The district court's dismissal of the action against only defendant Stone & Webster is appealable under 28 U.S.C. § 1291 (1982) because the district court entered final judgment in favor of Stone & Webster in compliance with the requirements of Fed.R.Civ.P. 54(b).

**3.** Section 474 reads in pertinent part as follows:

When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; provided, that no default or default judgment shall be entered against a defendant so designated, unless it appears that the copy of the summons or other process, or, if there be no summons or process, the copy of the first pleading or notice served upon such defendant bore on the face thereof a notice stating in substance: "To the person served: You are hereby served in the within action (or pro-

ceedings) as (or on behalf of) the person sued under the fictitious name of (designating it)."
When plaintiffs commenced the instant action in state court, the relevant provision was Cal. Civ.Proc.Code § 581a (West 1982) (repealed 1984), which provided as follows:
(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action.
This section has since been repealed, but a virtually identical provision has been enacted as Cal.Civ.Proc.Code § 583.210 (West Supp.1985).

**4.** We review *de novo* the district court's dismissal of the action against Stone & Webster under Fed.R.Civ.P. 12(b)(6). *North Star Int'l v. Arizona Corp. Comm'n,* 720 F.2d 578, 580 (9th Cir. 1983).

*berg,* the district court granted plaintiff leave to amend her complaint to add new defendants after the expiration of the one-year statute of limitations. Judge Pregerson ruled that Rule 15(c) was inapplicable because California law effectively extended the one-year statute of limitations three years past the commencement of the action as to defendants named as Does.[5] He reasoned as follows:

> Taken together, CCP §§ 340(3), 474, and 581a can, depending on the date the complaint is filed, provide the functional equivalent of a limitations period of up to four years. For such a limitations period to apply two conditions must be met: (1) The plaintiff must file suit within one year of the accrual of the cause of action, and (2) the plaintiff must be unaware of the identity of certain defendants when the complaint is filed.

*Id.* at 297.

Because the action was not time-barred under California's substantive statute of limitations, Judge Pregerson concluded

that Rule 15(c) did not come into play. The limited purpose of Rule 15(c), he observed, was to "provide a uniform solution to statute of limitations problems when amendments are sought *after* the limitations period has expired; [the rule] was not designed to determine the *length* of the limitations period to be applied." *Id.* at 301 (emphasis in original). Hence, because the plaintiff filed and served the amended complaint within the state limitations period, there was no conflict with Rule 15(c).[6]

We find Judge Pregerson's analysis in *Rumberg* to be persuasive, as do the commentators. *See* 19 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4509, at 158–59 (1982) (discussing *Rumberg* with approval); Hogan, *California's Unique Doe Defendant Practice: A Fiction Stranger Than Truth,* 30 Stan.L.Rev. 51, 113–14 (1977) (endorsing Judge Pregerson's "penetrating and insightful opinion on the Doe defendant practice"). Accordingly, we adopt *Rumberg* as the law of the circuit.[7] In doing so, we stress that it is

---

**5.** Arguing that we should not follow *Rumberg,* Stone & Webster cites several California cases that characterize Cal.Civ.Proc.Code § 581a (now § 583.210) as merely procedural. *See, e.g., Gonsalves v. Bank of America National Trust & Savings Ass'n,* 16 Cal.2d 169, 172, 105 P.2d 118, 120 (1940). In other cases, California courts have used the phrase "relates back" in analyzing the Doe scheme. But in resolving choice of law questions, we look to applications, not labels. *See Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079 (1945) ("It is therefore immaterial whether statutes of limitation are characterized either as 'substantive' or 'procedural' in State court opinions in any use of those terms unrelated to the specific issue before us.") Moreover, *Rumberg* has been cited favorably by the California Court of Appeal. *Munoz v. Purdy,* 91 Cal.App.3d 942, 946, 154 Cal.Rptr. 472, 474 (1979).

**6.** The plaintiff in *Rumberg* brought two separate actions on the same claim, one in state and one in federal court. She named a fictitious defendant in the state court action, but did not do so in federal court. Judge Pregerson held, as an alternative ground for his decision, that the substitution of the defendant for a fictitious defendant in the state action in compliance with California Doe practice had the effect of tolling the statute of limitations in the federal action under the doctrine of equitable tolling. *Rumberg,* 424 F.Supp. at 299–300. This theory is unavailable to the Lindleys because they did not join Stone

& Webster in state court, but did so in federal court after removal.

**7.** Two other circuits that have considered similar problems seem to be in conflict. In *Britt v. Arvanitis,* 590 F.2d 57 (3d Cir.1978), the plaintiffs' action was held to be barred by Rule 15(c), despite a New Jersey Supreme Court decision (*Farrell v. Votator Div. of Chemetron Corp.,* 62 N.J. 111, 299 A.2d 394 (1973)) that the state statute governing amendments (which in its relevant part was identical to Rule 15(c)) permitted relation back of an amendment correcting a Doe designation. Characterizing the rule as "procedural," the Third Circuit held that the New Jersey rule must yield to the federal requirements for relation back under Rule 15(c). In *Marshall v. Mulrenin,* 508 F.2d 39 (1st Cir. 1974), the First Circuit held that the Massachusetts rule allowing relation back of amendments adding new parties is so dramatically different from the federal rule that the state rule should be the one applied in diversity cases. The fact that the state rule was "cast in procedural terms" did not deter the First Circuit from coming to this conclusion. *Id.* at 44. We find neither *Britt* nor *Marshall* to be particularly helpful in deciding the case before us because both involved state rules materially different from the California rules governing Doe procedure.

not the purpose of Rule 15(c) "to raise a limitations bar that is not supported by the underlying state rule." 19 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4509, at 159 (1982). On this basis two Ninth Circuit cases relied upon by Stone & Webster are distinguishable. In *Santana v. Holiday Inns, Inc.*, 686 F.2d 736 (9th Cir.1982), a case in which all the requirements of Rule 15(c) were met, including the requirement that the newly named defendant have notice of the institution of the action within the period of limitations, this court applied Rule 15(c) to save an action that would have been time-barred under state law. Thus Rule 15(c) was not applied, as Stone & Webster would have us do in this case, to defeat an action that was not time-barred under state law. In *Craig v. United States*, 413 F.2d 854 (9th Cir.), *cert. denied*, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969), the court applied a federal statute of limitations that neither authorized the naming of Does nor provided plaintiff with extra time to discover the identity of unknown defendants.

Stone & Webster contends that *Hanna v. Plumer*, 380 U.S. 460, 470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965), compels application of Rule 15(c). In *Hanna*, the Supreme Court held that Rule 4(d)(1) of the Federal Rules of Civil Procedure, rather than state law, determined the adequacy of service of process. The Court explained that in the event of a "direct collision" between a federal rule and state law, the federal rule applies so long as it is within the scope of the Rules Enabling Act, 28 U.S.C. § 2072, and constitutional. *Hanna*, 380 U.S. at 470–72, 85 S.Ct. at 1143–45. In *Hanna* itself, the "clash" between Rule 4(d)(1) and the state service requirement was "unavoidable". *Id.* at 470, 85 S.Ct. at 1143. As the Supreme Court said in *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980), the first question is "whether the scope of the Federal Rule in fact is sufficiently broad to control the issue before the Court. It is only if that question is answered affirmatively that the *Hanna* analysis applies." *Id.* at 749–50, 100 S.Ct. at 1985. As we have

explained, in the case before us Rule 15(c) does not determine the timeliness of plaintiffs' action against Stone & Webster. Hence the asserted conflict between Rule 15(c) and state Doe practice is "bogus." 19 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 4509, at 158 (1982); *see also Rumberg*, 424 F.Supp. at 300 ("Nor does our holding conflict with [Rule] 15(c) of the Federal Rules of Civil Procedure. The California statute of limitations scheme as applied in this case does not deal with the 'relation back' doctrine at all but rather extends or tolls the limitations period in the factual circumstances that exist in this case.") (footnote omitted).

■ Finally, Stone & Webster argues that, even if California law applies, plaintiffs' claim is still time-barred because plaintiffs simply named Stone & Webster as a new defendant outright, rather than substituting it for a previously named fictitious defendant as required by Cal.Civ. Proc.Code § 474. Stone & Webster, arguing that strict compliance with section 474 is required, cites *Anderson v. Allstate Insurance Co.*, 630 F.2d 677, 683 (9th Cir. 1980), for the proposition that, "[u]nder California law, if a defendant is added to an amended complaint as a new defendant, and not as a Doe defendant, the amendment does not relate back to the time of the original complaint." First, we do not agree that strict compliance with section 474 is required. California's policy in favor of litigating cases on their merits requires that the fictitious name statute be liberally construed. *Barnes v. Wilson*, 40 Cal. App.3d 199, 203, 114 Cal.Rptr. 839, 842 (1974). Second, it is clear that Stone & Webster was substituted for a previously named fictitious defendant. Unlike the situation in *Anderson*, where the original Doe defendants 1 to 50 were still retained and new defendants were added, plaintiffs here complied with the technical requirements of section 474 to the full extent possible under federal practice. They filed a second amended complaint naming Stone & Webster as a defendant, eliminated the Doe defendants as named parties, and stated in

their "Amended Memorandum of Points and Authorities re Motion to Add Party Defendants" that the parties were added in lieu of the Doe designation. Federal procedure permitted plaintiffs to do no more. We thus reject Stone & Webster's contention that plaintiffs should be denied the three-year extension of the statute of limitations provided by California Doe rules for failing strictly to comply with section 474's requirement that the new defendant be named and served as a person sued under a fictitious name. *See Rumberg*, 424 F.Supp. at 298. Acceptance of Stone & Webster's argument would effectively preclude invocation of the three-year extension any time after removal of the action to federal court.

Stone & Webster's reliance on *Anderson* is misplaced for another reason. In that case, plaintiff's failure to substitute the new party for a Doe defendant occurred *before* removal, when state Doe procedures still applied. Thus plaintiff in that case could have complied with the requirements of section 474, but failed to do so. For that reason, *Anderson* is distinguishable. Once again, we agree with Judge Pregerson in *Rumberg* that the absence of a federal pleading mechanism comparable to section 474 should not deprive a plaintiff of the extension of the limitations period provided under California Doe practice. *Rumberg*, 424 F.Supp. at 298. A contrary rule would be a departure from *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny, particularly *Guaranty Trust Co. v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), because it would result in the abridgment of substantive rights under state statutes of limitations.

REVERSED and REMANDED.