**Marna L. COWAN and William Cowan, Plaintiffs,**

v.

**CENTRAL RESERVE LIFE OF NORTH AMERICA INSURANCE COMPANY and Does I–XX, inclusive, Corporation I–X, Defendants.**

**No. CV–N–88–445–ECR.**

United States District Court, D. Nevada.

Jan. 4, 1989.

David R. Grundy, Reno, Nev., for plaintiffs.

Robert M. Ebinger, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

On August 22, 1988, defendant Central Reserve Life of North America Insurance Company ("Central Reserve") filed a petition for removal under 28 U.S.C. § 1446. The alleged basis for subject matter jurisdiction is found on page 2 of the petition:

2. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code Sec. 1332, and is one which may be removed to this Court pursuant to the provisions of Title 28, United States Code Sections 1441 and 1446, in that it is a civil action wherein the amount in controversy exceeds $10,-000, exclusive of interest and costs, and is between citizens of different states.[1]

On September 2, 1988, plaintiffs filed a motion to remand to state court. According to *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir.1987) (en banc), the presence of unknown, fictitiously named defendants ("Doe" defendants) destroys diversity of citizenship, and thereby precludes removal.[2]

---

1. It should be noted that the jurisdictional amount for diversity was changed from $10,000 to $50,000 in Pub.L. No. 100–702 § 201, enacted on November 19, 1988. However, the statute provides that the amendment shall apply only to actions commenced on or after the 180th day after the date of enactment. Therefore, $10,000 is the proper jurisdictional amount in these proceedings.

2. The *Bryant* decision has significant prior history in the Ninth Circuit. The first case, reported at 794 F.2d 450 (9th Cir.1986), noted that the

In their Opposition to Motion to Remand, and in two affidavits, defendants fervently argue that the basis for subject matter jurisdiction is not diversity, but a federal question; therefore, they contend, the presence of Doe defendants is irrelevant in determining whether the case is removable.

■ When evaluating a petition for removal the basis of which is a federal question, "the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat. Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). In this case, no federal question appears on the face of plaintiff's complaint. Furthermore, defendant's own petition for removal relies on 28 U.S.C. § 1332, which defines diversity jurisdiction. Therefore, we find that the jurisdictional basis for the removal is diversity of citizenship.

■ Plaintiff's motion to remand would be properly granted were *Bryant* our only authority. However, 28 U.S.C. § 1441(a) was recently amended to require denial of plaintiff's motion, and to overrule *Bryant*.

Public Law No. 100–702, § 1016(a) (1988), reads as follows:

> Section 1441(a) is amended by adding at the end thereof the following new sentence: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.".

The amendment to section 1441(a) clearly requires district courts to ignore the citizenship of Doe defendants when evaluating petitions for removal. As long as diversity of citizenship exists among known, named parties, and other diversity requirements are met, removal is proper. Under amended section 1441(a), the presence of fictitious defendants neither creates a presumption that diversity is destroyed, nor requires

Doe defendants to be named, abandoned, or dismissed before removal is attempted. *See Bryant*, 844 F.2d at 605–06.

The provisions of Pub.L. No. 100–702, § 1016(a) apply to these proceedings, because they were still pending on November 19, 1988, the effective date of the amendment. We must apply new laws to pending cases unless such application would result in "manifest injustice or be contrary to statutory direction or legislative history." *United States v. Ford*, 737 F.2d 1506, 1508 (9th Cir.1984). *See also Bradley v. School Board of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974) (relying on *United States v. The Schooner Peggy*, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801)); *Friel v. Cessna Aircraft Co.*, 751 F.2d 1037, 1039 (9th Cir.1985) (newly enacted procedural statutes properly applied to pending cases). There is no indication of manifest injustice here, nor does the statute give specific direction which would contradict the general rule. Therefore, under the authority of Pub.L. No. 100–702, § 1016(a) (1988), we deny plaintiff's motion to remand. Defendant has properly removed this cause of action based on diversity of citizenship, notwithstanding the presence of Doe defendants.

IT IS, THEREFORE, HEREBY ORDERED that plaintiff's motion to remand (document # 4) is DENIED.

---

presence of Doe defendants ordinarily defeats diversity jurisdiction, but the decision continued to recognize numerous exceptions to that rule. That opinion was subsequently withdrawn, 818 F.2d 692 (9th Cir.1987), and reheard en banc, which is reported at 832 F.2d 1080 (9th Cir. 1987). Upon rehearing en banc, the Court held unequivocally that the presence of Doe defendants destroys diversity and precludes removal.

*Bryant*, 832 F.2d at 1083. It is to this decision that plaintiff cites. However, that opinion was later amended and superceded by *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1987) (en banc). This latest opinion is substantively similar to the earlier en banc decision, and continues to hold that Doe defendants defeat diversity jurisdiction. We will limit our references to this final *Bryant* decision.