Maria Amelia ORTIZ, as Administrator of the Estate of Jesus Ponce Ortiz, deceased; Maria Amelia Ortiz, individually; Diana Ortiz; and Victor Ortiz, Plaintiffs–Appellants,

v.

CITY OF IMPERIAL, et al.,
Defendants–Appellees.

Maria Amelia ORTIZ, as Administrator of the Estate of Jesus Ponce Ortiz, deceased; Diana Ortiz, a minor, By and Through her Guardian Ad Litem, Maria Amelia Ortiz; Maria Amelia Ortiz, individually; and Victor J. Ortiz, Plaintiffs–Appellees,

v.

CITY OF IMPERIAL, et al.,
Defendants,

and

Oren R. Fox; Kenneth James Koon; Louie Brooks Anderholt; Daryl Stogner; Timothy James Salazar; Homer Everett Bias; Lee Cottrell, M.D., individually and as Director of Imperial County Health Department; Creighton Reid, M.D.; Antoinette Phillips; Nancy Ellen Brown; George Beltran, Defendants–Appellants.

Nos. 88–6569, 88–6681.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 1989.

Decided Sept. 13, 1989.

Edward J. Horowitz, Los Angeles, Cal., for plaintiffs-appellants.

Michael A. San Filippo, San Diego, Cal., for defendants-appellees.

Before BROWNING, FARRIS and CANBY, Circuit Judges.

## PER CURIAM:

Maria Ortiz and her children appeal from summary judgment in their 42 U.S.C. § 1983 action. The district court found as a matter of law appellees' behavior could not constitute deliberate indifference to the medical needs of Jesus Ponce Ortiz and thus appellees could not be liable for his death. We affirm as to some appellees, but conclude there was an issue of fact for the jury as to others and reverse as to them.

The City of Imperial police found Ortiz asleep on a canal bank. They arrested him on an outstanding warrant and took him to the Imperial County Jail. While in custody the next day, Ortiz fell and struck his head. He was taken to the emergency room in a local hospital, where his head wound was sutured. No x-rays were taken. The doctor, Dr. Alm, diagnosed the cause of Ortiz's fall as alcohol withdrawal.

Ortiz was released to police custody two hours later. Dr. Alm gave the sheriff a Patient After Care Sheet. On the sheet, the words "HEAD INJURY" were circled in ink and marked with a star. Following that heading, the sheet read:

> Problems from such injuries can occur sometime later. Report to your doctor immediately or the emergency room if anything listed occurs.
> —INCREASED DROWSINESS OR CONFUSION
> —PERSISTENT HEADACHE OR BLURRED VISION
> —UNCONTROLLED VOMITING, STIFF NECK, FEVER (VOMITING ONCE OR TWICE IS NOT UNCOMMON)
> NOTE: WAKEN PATIENT EVERY 2 HOURS FIRST NIGHT TO CHECK FOR THESE SIGNS

Ortiz was returned to his cell. He fell again an hour later and was placed in the infirmary. The parties do not dispute Ortiz received medical care in the following two days—his medical charts show jail medical personnel monitored him closely. The parties dispute the significance of the care he received.

All medical personnel caring for Ortiz— nurses Phillips, Beltran and Brown and Dr. Reid—were aware of Ortiz's head injury. In addition, the nurses had the Patient After Care Sheet. Yet when Ortiz began to exhibit the symptoms identified on the sheet, they did not call the emergency room or Dr. Alm. Instead, they called Dr. Reid, who on three occasions prescribed sedatives for Ortiz over the telephone without examination. Sedatives are an appropriate remedy for alcohol withdrawal symptoms, but are inappropriate for head injuries since they mask the symptoms of serious complications from such injuries.

Two days after falling, Ortiz was found unconscious with blood coming from his mouth. He was taken to the hospital where he died ten days later. His autopsy revealed he died of "enephalomacia due to subdural hematoma due to blunt force

trauma to the head with skull fractures." He had sustained the skull fractures at the time of his initial fall.

■ Appellants claim appellees violated Ortiz's due process rights by denying him adequate medical care. *See Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir.1986). It is not enough for appellees to have committed mere medical malpractice. They must have been "deliberately indifferent to [Ortiz's] serious medical needs." *Id.* Furthermore, "[t]his indifference must be substantial to violate the constitution." *Id.*

■ Contrary to appellees' arguments, however, appellants need not prove complete failure to treat Ortiz. As this court has stated, "access to medical staff is meaningless unless that staff is competent and can render competent care." *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1461 (9th Cir.1988) (citing *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir.1982)), vacated on other grounds, — U.S. —, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989), reinstated 886 F.2d 235 (9th Cir.1989).

■ Appellees' own declarations show Ortiz "had a serious medical need," *Jones*, 781 F.2d at 771, and raise a material question of fact whether their acts or omissions were "sufficiently harmful to evidence deliberate indifference" to those needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). Because the nurses and Dr. Reid knew of Ortiz's head injury but disregarded evidence of complications to which they had been specifically alerted and, without an examination, prescribed sedatives that were contraindicated, we cannot say as a matter of law they were not deliberately indifferent to Ortiz's medical needs. Summary judgment as to nurses Phillips, Beltran and Brown and Dr. Reid is therefore reversed.

Appellants concede summary judgment was appropriate as to Imperial County, Fox, Cottrell, Koon, Bias and Stogner, and we affirm as to them. We also affirm

summary judgment as to appellees Anderholt and Salazar. Both had minimal contact with Ortiz, and neither had medical training. Under the circumstances, they cannot be faulted for their behavior.[1]

■ Appellees cross-appeal the court's holding that the first amended complaint was not time-barred because it related back to the date of the filing of the original complaint. California law, not the Federal Rules of Civil Procedure, governs whether in a section 1983 action an amended complaint relates back to the filing of the original complaint. *Cabrales*, 864 F.2d at 1463–64. The district court correctly held the amendment timely under Cal.Civ.Proc.Code § 474. *See id.; Lindley v. General Elec. Co.*, 780 F.2d 797, 799–800 (9th Cir.1986).

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.[2]

---

1. Insofar as we reverse summary judgment, appellants' appeal of the denial of their motion for relief and reconsideration is moot. As to those appellees whose summary judgment we affirm, the denial of the motion was not an abuse of

discretion and is affirmed. *See Thompson v. Housing Auth.*, 782 F.2d 829, 832 (9th Cir.1986).

2. Each party will pay its own attorney's fees and costs.