**Vassilios MACHERAS, Plaintiff,**

v.

**CENTER ART GALLERIES–HAWAII, INC., William D. Mett, Marvin L. Wiseman, and John Does 1–4, Defendants.**

**Civ. No. 91–00014 HMF.**

United States District Court,
D. Hawaii.

Oct. 21, 1991.

---

Michael D. Wilson, Cindy S. Inouye, Pavey & Wilson, Honolulu, Hawaii, for plaintiff.

Elton John Bain, Paul W. Soenksen, Kessner, Duca & Maki, Honolulu, Hawaii, for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION; REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT

FONG, Chief Judge.

## INTRODUCTION

On October 15, 1991, the court held a hearing on a motion to dismiss complaint for lack of subject matter jurisdiction, filed by defendants on July 30, 1991. Plaintiff filed a timely opposition on September 27, 1991.

## BACKGROUND

On January 7, 1991, plaintiff filed a complaint against defendants in federal court on the basis of diversity jurisdiction. On February 27, 1991, defendants filed a motion to dismiss complaint for lack of subject matter jurisdiction on three grounds: (1) plaintiff failed to allege the amount in controversy, (2) plaintiff failed to allege the principal place of business of corporate defendant Center Art Galleries–Hawaii, Inc., ("Center Art") and (3) plaintiff impermissibly pleaded for recovery against Doe defendants.

A hearing was scheduled for May 6, 1991, but was continued to July 8, 1991. On June 25, 1991, plaintiff filed a motion for leave to file first amended complaint, and a motion to shorten time for hearing. Plaintiff claimed that the amended complaint would render defendants' motion moot. The court granted plaintiffs motion to shorten time and ultimately allowed the filing of an amended complaint.

## DISCUSSION

The instant motion was filed on July 30, 1991. Although plaintiff's amended complaint now alleges the amount in controversy, defendants charge that it is still defective for failing to allege the principal place of business of corporate defendant Center Art, and for naming Doe defendants.

## I. FAILURE TO PROPERLY ALLEGE CITIZENSHIP OF CENTER ART.

■ In order to establish diversity jurisdiction under the law of the Ninth Circuit,

> an allegation that a corporation is a citizen of a state is insufficient without an allegation as to the state in which it is incorporated and that state in which it has its principal place of business.

*Veeck v. Commodity Enterprises, Inc.,* 487 F.2d 423, 426 (9th Cir.1973). Here, the complaint simply states that Center Art is a Hawaii corporation that "transacts" business in this state. First Amended Complaint, par. 2. However, for purposes of diversity jurisdiction, there is an important difference between merely transacting business in a state, and having one's principal place of business in a given state. Only in the latter case will a corporation be considered a citizen of a particular state for purposes of diversity jurisdiction.

Plaintiff's complaint fails to allege the principal place of business of corporate defendant Center Art. Consequently, plaintiff's pleadings are technically inadequate to establish diversity jurisdiction. Plaintiff has, however, presented sufficient evidence to demonstrate that Center Art's principal place of business is, in fact, located in Hawaii. Additionally, this court, having presided over the five month criminal trial against the same named defendants, is knowledgeable that Hawaii is the principal place of business of the corporate defendant.

Accordingly, the court DENIES defendants' motion to dismiss plaintiff's complaint. The court gives the plaintiff leave to file a second amended complaint to cure the pleading defect within ten days of the date of this order. Failure to do so will result in dismissal of this action.

## II. EFFECT OF DOE DEFENDANTS.

■ Defendants also ask the court to dismiss plaintiff's complaint for lack of diversity jurisdiction, because plaintiff has named Doe defendants in accordance with Hawaii state law. Rule 17(d) of the Hawaii Rules of Civil Procedure provides that when the plaintiff in a civil case is unable to ascertain the name of a potential defendant, that defendant may be named as a fictitious or "Doe" defendant.[1] The purpose of this rule is to allow a plaintiff to preserve an action against a party, whose name may not be known until after the running of the statute of limitations.

There is no analogous provision in the Federal Rules of Civil Procedure. Nonetheless, the Court of Appeals for the Ninth Circuit has found that Doe statutes are a part of the substantive state law to be applied in federal court, under the *Erie* doctrine, when a federal court is sitting in diversity. *Lindley v. General Elec. Co.,* 780 F.2d 797, 800–01 (9th Cir.1986), *cert. denied* 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 554 (1986) (finding California's Doe statute to be "substantive" state law under *Erie* doctrine). *See also Ortiz v. City of Imperial,* 884 F.2d 1312, 1314 (9th Cir. 1989) (following *Lindley* ); *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1462–64 (9th Cir.1988) (following *Lindley* ); *Blankenberg v. Commercial Ins. Co. of Newark, N.J.,* 655 F.Supp. 223, 225 n. 3 (N.D.Cal.1987) (citing *Lindley* for the proposition that "Doe pleading is considered a part of California's substantive law").

Given the compelling requirements of *Erie,* the question arises as to whether the presence of Doe defendants destroys diversity jurisdiction. To date, no definitive statement of law on this point has been enunciated in this circuit. Over the last decade, the general rule in the Ninth Cir-

---

1. Specifically, the text of that rule provides that [w]hen it shall be necessary or proper to make a person a party defendant and the party desiring the inclusion of the person as a party defendant has been unable to ascertain the entire name of the defendant or a part of his name to ascertain his identity, the party desiring the inclusion of the person as a party defendant shall in accordance with the criteria of Rule 11 of these rules set forth in a pleading the person's interest in the action, so much of his name as is known (and if unknown, a fictitious name shall be used) and shall set forth with specificity all actions already undertaken in a diligent and good-faith effort to ascertain the person's full name and identity.

Haw.R.Civ.P. 17(d)(1).

cuit has been that the naming of Doe defendants defeats diversity jurisdiction. This rule, however, was riddled with numerous exceptions, rendering the decision as to whether Doe defendants destroyed diversity a "near impossible determination." *Bryant v. Ford Motor Co.,* 844 F.2d 602, 605 (9th Cir.1987) (delineating the various exceptions and criticizing the doctrine).

In the 1987 case of *Bryant v. Ford Motor Co.,* the Court of Appeals for the Ninth Circuit, sitting *en banc,* decided to settle the question once and for all. The court set forth the straightforward proposition that the presence of Doe defendants unequivocally destroys diversity jurisdiction. *Id.* at 606. Consequently, no case could be removed to federal court so long as any Doe defendant remained a party. *Id.* Although *Bryant* involved removal under § 1441, its rationale was equally applicable to cases brought in federal court under § 1332.

Shortly after the *Bryant* decision, Congress amended the removal statute to avoid the *Bryant* result. Section 1441 now includes the phrase:

> For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441. Section 1332 was *not* amended. Presumably, Congress passed the amendment for the limited purpose of overturning *Bryant,* which had had the effect of allowing plaintiffs to keep cases in state court by simply naming Doe defendants.

Following the statutory amendment, *Bryant* was vacated. *See* 886 F.2d 1526 (9th Cir.1989). Because many of the cases decided between 1987 (when *Bryant* was decided) and 1989 (when it was vacated), are tainted by that ill-fated decision, this court will disregard them. This two year blackout, however, in combination with the limited nature of the statutory amendment, leaves the court with a troubling lack of guidance as to how the Doe defendant issue is to be handled in a § 1332 action. This court is unaware of a single case, decided after *Bryant* was vacated, which addresses the issue of Doe defendants in the context of a § 1332 action.[2]

One available option is to turn to the pre-*Bryant* law of this circuit. This court is of the view, however, that in fashioning the common law of the future, it must take a variety of other factors into account. In particular, the court must reconcile its decision with both the 1986 *Lindley* decision, holding that state Doe statutes are part of the substantive state law under *Erie,* and with the novel statutory climate facing the courts in the wake of the recent amendment. It is the court's opinion that a mechanical application of the pre-*Bryant* common law would lead to several troubling results which justify its abandonment at this time.

The general rule under the pre-*Bryant* common law was that, with certain limited exceptions, the presence of Doe defendants destroys diversity. Under the new version of § 1441, a case may be freely *removed,* despite the fact that Doe defendants are named.

> The presence of fictitious defendants neither creates a presumption that diversity is destroyed, nor requires Doe defendants to be named, abandoned, or dismissed before removal is attempted.

*Cowan v. Central Reserve Life of North America Ins. Co.,* 703 F.Supp. 64, 65 (D.Nev.1989). The question is, thus, whether the courts should continue to hold to the pre-*Bryant* rule that Doe defendants destroy diversity jurisdiction under § 1332. There are at least two strong reasons which militate against such a holding.

First, this would render the holding in *Lindley* meaningless for cases brought under § 1332. *Lindley* provided that state Doe statutes would be applied by federal courts sitting in diversity, as substantive state law under the *Erie* doctrine. If the court were to apply the pre-*Bryant* com-

---

**2.** Defendants rely heavily on *Cowan v. Central Reserve Life of North America Ins. Co.,* 703 F.Supp. 64 (D.Nev.1989) for the proposition that Does destroy diversity in a § 1331 action. However, such reliance is misplaced. *Cowan* does not address the question of whether the Doe defendants destroy diversity jurisdiction in a § 1331 action, holding only that Doe defendants do *not* destroy diversity jurisdiction in a § 1441 action.

mon law, then would-be federal plaintiffs, who seek to exercise their rights under the state Doe statutes, would, paradoxically, be confined to state court.

This would have the secondary effect of giving defendants a forum selection advantage, entirely unrelated to the basis of jurisdiction. When plaintiffs are forced to go to state court to utilize the Doe statutes, defendants have the unilateral power to determine the forum.

In light of the difficulties with the pre-*Bryant* common law, the court chooses, instead, to extend the rule set forth in *Cowan* in the context of § 1441, to actions brought originally in federal court under § 1332. *See Cowan*, 703 F.Supp. at 65. Accordingly, the court holds that "the presence of fictitious defendants neither creates a presumption that diversity is destroyed, nor requires Doe defendants to be named, abandoned, or dismissed" in order for a diversity-based claim to be brought in federal court under § 1332. *Id.*[3]

Some may contend that the "privilege" of litigating in federal court demands certain concessions, such as forfeiting the substantive rights created by state Doe statutes. However, in addition to directly contradicting the holding of *Lindley*, this argument is unsupported by reason. A plaintiff who names Doe defendants, files suit in federal court at his peril. If a key party turns out to be nondiverse, the action will be dismissed for lack of jurisdiction. If the statute of limitations has expired at this point, plaintiff may not be able to refile the case in state court. Plaintiff therefore bears the risk of making a mistake about the citizenship of a Doe party. This is a sufficient concession to be exacted from the plaintiff who chooses the federal forum. There is no need for the federal courts to fashion additional artificial limitations.

Accordingly, the court DENIES defendant's motion to dismiss for lack of subject matter jurisdiction, holding that the presence of Doe defendants does not presumptively defeat diversity jurisdiction for cases brought under § 1332. However, plaintiff should be aware that he runs the risk of having the case dismissed entirely should an indispensable party, who is not diverse, later surface.

In addition, plaintiff should be cautioned that his Doe pleading is made pursuant to Hawaii state law. Consequently, plaintiff will be held to all the strictures that the Hawaii state courts have seen fit to apply to the Doe pleading process. This includes, but is not limited to, any and all timing and procedural limitations imposed on the process of naming the Doe defendants.

IT IS SO ORDERED.

---

**3.** This rule is consistent with a line of cases disregarding Doe pleading made pursuant to *federal* law, for purposes of determining diversity jurisdiction. *See Rodriguez v. City of Passaic,* 730 F.Supp. 1314, 1319 n. 7 (D.N.J.1990); *Dunn v. Paducah Intern. Raceway,* 599 F.Supp. 612, 613 n. 1 (W.D.Ky.1984); *Hannah v. Majors,* 35 F.R.D. 179, 179 (W.D.Mo.1964).

However, the rationale of those cases is somewhat different because there is no practical advantage to be gained by naming Doe defendants under federal law. Such pleading could not operate to extend the statute of limitations, and, even if Doe defendants have not been named, new parties may always be added, with leave of the court, prior to the expiration of the statute of limitations. In such cases, the naming of Doe defendants truly is "mere surplussage." *Hannah,* 35 F.R.D. at 179.

The rule enunciated by the court today is also consistent with *Ward v. Connor,* 495 F.Supp. 434, 440–41 (D.C.Va.1980), *rev'd on other grounds,* 657 F.2d 45 (4th Cir.1981), although it is unclear whether the Doe defendants in *Ward* were named pursuant to state or federal law.