**FAT T, INC., Plaintiff,**

v.

**ALOHA TOWER ASSOCIATES PIERS 7, 8, AND 9, et al., Defendants.**

**Civil No. 96–00337 ACK.**

United States District Court,
D. Hawaiʻi.

Sept. 9, 1996.

Anna H. Oshiro, Damon Key Bocken Leong & Kupchak, Honolulu, for Plaintiff.

Elizabeth A. Kane, Takushi Funaki Wong & Stone, Honolulu, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S REQUEST FOR RULE 11 SANCTIONS

KAY, Chief Judge.

### BACKGROUND

Currently before the Court is Defendants' motion to dismiss for lack of federal subject matter jurisdiction.

On May 13, 1996, Defendants filed a motion to dismiss for lack of federal subject

matter jurisdiction pursuant to Fed.R.Civ.P. 12 and 28 U.S.C. § 1332 on the grounds that Plaintiff's memorandum (1) did not adequately allege the citizenship of any of the Limited Partner defendants; and (2) impermissibly named "Doe" defendants thereby destroying diversity jurisdiction.

In response to Defendants' motion, Plaintiff filed a first amended complaint on May 16, 1996 that set out the citizenship of each of the individual persons or entities constituting Defendants' limited partnership. Plaintiff's Mem. at 3.[1] With respect to Doe defendants, however, Plaintiff alleged:

> The defendant DOES 1–20 are persons, corporations, entities or governmental units that in some manner presently unknown to FAT T are or may be liable to it for the amounts due pursuant to the claims set forth below and/or causes of action herein alleged and described, and whose true names, identities, and capacities are presently unknown to FAT T or its attorneys.

First Amended Complaint at 6. In addition to filing a first amended complaint, Plaintiff allegedly sent Defendants a case cite, *Macheras v. Center Art Galleries–Hawaii, Inc.,* 776 F.Supp. 1436 (D.Haw.1991), in support of the proposition that the naming of Doe defendants does not destroy diversity.

On August 16, 1996, Plaintiff filed a memorandum in opposition to Defendant's motion to dismiss relying once again on the *Macheras* decision. Plaintiff also sought to recover its attorneys' fees and costs incurred in having to oppose Defendants' motion arguing that in light of Macheras, Defendants' motion was not warranted by existing law and relief was appropriate under Fed.R.Civ.P. 11.

On August 23, 1996, Defendants filed a reply memorandum in support of its motion to dismiss. In response to Plaintiff's reliance on *Macheras,* Defendants argued that the case was wrongly decided. Defendants also stated that "in the alternative, the defendants would not object to the dismissal of the unidentified defendants, either by the Court's own motion or by a further amendment to

the complaint by plaintiff." Defendant's Rep. at 7.

## FACTS

On July 23, 1994, Aloha Tower Associates Piers 7, 8, and 9 ("ATA–1") entered into a lease with Millennium Aloha, Inc. ("Millennium"), a franchisee of Fat T, for Space No. 1130 in the Aloha Tower Marketplace ("Marketplace"). Plaintiff First Amend. Complaint at 8. Fat T alleges that it played an integral part in the negotiations leading to the lease agreement. *Id.* at 7. Pursuant to its participation, Fat T alleges that ATA–1 agreed to include language in the lease requiring ATA–1 to provide Fat T with notice of Millennium's default, a right of entry, and right to assume Millennium's occupancy rights. *Id.* at 10.

Fat T alleges that ATA–1 failed to abide by these terms. In response, Fat T brought suit under diversity jurisdiction for breach of contract and tortious breach of contract.

## STANDARD FOR A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may either attack the allegations of the complaint or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact. *Thornhill Publishing Co., Inc. v. Gen'l Tel. & Electronics Corp.,* 594 F.2d 730, 733 (9th Cir.1979). Where the motion to dismiss is a "speaking motion," no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. *Id.* Moreover, the burden is on the plaintiff to prove, by affidavits or other evidence, that subject matter jurisdiction does in fact exist. *Id.; St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.1989).

---

1. Consequently, Defendant concedes that the first ground of this motion has been cured leaving only the issue of the "Doe" defendants. Plaintiff's Reply Mem. at 2.

## DISCUSSION

### I. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

■ The Ninth Circuit law concerning the effect of "Doe defendants" on diversity jurisdiction appears conflicted. On the one hand, some panels have stated that the identity and citizenship of all defendants must be established at the outset. *Garter–Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir.1980); *Fifty Associates v. Prudential Ins. Co.*, 446 F.2d 1187 (9th Cir.1970); *Molnar v. National Broadcasting Co.*, 231 F.2d 684 (9th Cir.1956). Accordingly, these cases have stated that the mere presence of Doe Defendants destroys diversity jurisdiction. *See e.g. Garter–Bare Co. v. Munsingwear, Inc.*, 650 F.2d 975, 981 (9th Cir.1980).

Other Ninth Circuit cases have ruled that "Doe Defendants" raise jurisdictional questions only when actual parties are substituted. *Lindley v. General Elec. Co.*, 780 F.2d 797 (9th Cir.1986), *cert. denied* 476 U.S. 1186, 106 S.Ct. 2926, 91 L.Ed.2d 554 (1986); *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir.1989) (following *Lindley*); *Cabrales v. Los Angeles*, 864 F.2d 1454, 1462–64 (9th Cir.1988), *vacated by* 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989), *reinstated by* 886 F.2d 235 (9th Cir.1989), *cert. denied* 494 U.S. 1091, 110 S.Ct. 1838, 108 L.Ed.2d 966 (1990) (following *Lindley* ). These courts found the Doe Defendant statute to be substantive for purposes of Erie because of their effect on the statute of limitations.[2] *See Lindley v. General Elec. Co.*, 780 F.2d 797, 799–801 (9th Cir.1986). Consequently, under *Lindley*, a federal court sitting in diversity must apply the state's Doe Defendant statute.

Faced with these conflicting approaches, this Court believes the latter to be the best resolution of the various federalist and separation of power concerns implicated. Other-

wise, if including Doe Defendants automatically destroyed diversity, then *Lindley* and its progeny would be "meaningless." *See Macheras. v. Center Art Galleries*, 776 F.Supp. 1436, 1439 (D.Hawai'i 1991); *Ishimura Building Co., Ltd. v. Watson*, Civ. No. 92–00322 SPK (D. Hawai'i 1992); *but see Salzstein v. Bekins Van Lines*, 747 F.Supp. 1281 (N.D.Ill.1990). Under *Lindley*, federal courts sitting in diversity have to apply the Doe Defendant statute. *Lindley*, 780 F.2d at 799–801 (9th Cir.1986). Yet, once a court applies the Doe Defendant statute—i.e. allows a plaintiff to include Doe Defendants— the court, under *Garter–Bare Co.*, would have to simultaneously dismiss the action for lack of subject matter jurisdiction. This could not have been the intent of Ninth Circuit in deciding *Lindley*. Instead, a more sensible approach would be to allow Doe Defendants while deferring the jurisdictional question until actual parties are substituted.[3]

■ In their reply memorandum, Defendants argue that such an approach contravenes the letter of the diversity statute and the Federal Rules of Civil Procedure. The Court disagrees. First, the Doe Defendant statute's consonance with the Federal Rules of Civil Procedure is immaterial. Under the Erie doctrine, a state "substantive" law must be applied in a diversity action, notwithstanding whether it conflicts or concurs with a federal procedural rule. Second, today's ruling does not conflict with the federal statute conferring jurisdiction. 28 U.S.C. sec. 1332(a)(1). The matter in controversy exceeds $50,000 and is between citizens of different states.

Defendants also rely on language in the removal statute, 28 U.S.C. sec. 1441(a), to support its contention that Doe defendants destroy diversity jurisdiction. Plaintiff's Reply at 5. In particular, it cites language stating that "for purposes of removal under this

---

2. Joining Doe defendants to an action tolls the statute of limitations for those not identified prior to the running of the statute. *See* Hawai'i Civ. Pro Rule 17(d); *see also Wakuya v. Oahu Plumbing & Sheet Metal*, 65 Haw. 592, 656 P.2d 84 (1982).

It may be argued that *Lindley* construed the California Doe Defendant statute, not the Hawai'i Civ. Pro Rule 17(d). The two states' stat-

utes, however, have been treated identically in the past. *Macheras v. Center Art Galleries*, 776 F.Supp. 1436 (1991).

3. Plaintiff should be aware that the case could still be dismissed for lack of subject matter jurisdiction if a non-diverse indispensable party would later need to be joined.

chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. sec. 1441(a).

Courts have divided on the import of this language. *Compare Macheras v. Center Art Galleries,* 776 F.Supp. 1436, 1439 (1991) (finding that language in amended removal statute applies equally to diversity statute); *with Salzstein v. Bekins Van Lines, Inc.,* 747 F.Supp. 1281, 1283 (1990) (finding that amended removal statute's language does not alter the diversity statute) Nevertheless, either courts' interpretation supports this Court's decision today. The *Macheras* interpretation that the citizenship of Doe defendants' should be disregarded clearly supports the maintenance of the Doe Defendants in this diversity action. The *Salzstein* approach, however, also supports the decision today. The Court in *Salzstein* found that the amended language in the removal statute worked no change in the diversity statute. *Salzstein,* 747 F.Supp. at 1283 fn. 4. Thus, under *Salzstein,* the pre–1988 jurisprudence of section 1332 remains valid today. It is that very jurisprudence which the Court discussed above and resolved in favor of allowing Doe defendants in a diversity action.

The issue before the Court today is not a simple one. Yet, in light of Ninth Circuit case-law, this Court finds that Doe defendants do not destroy diversity jurisdiction.

## II. *MOTION FOR RULE 11 SANCTIONS*

Rule 11 requires that motion for sanctions "be made separately from any other motions or requests." Fed.R.Civ.P. 11(c)(1)(A) (emphasis added). Plaintiff did not file the requisite separate motion, but instead requested sanctions in its opposition to Defendants' motion to dismiss. Accordingly, the Court denies Plaintiff's Rule 11 motion.

In addition, any attempt by Plaintiff to meet the procedural requirements of Rule 11 would be fruitless. The Defendants' motion set out a good-faith argument in a highly unsettled area of the law. To sanction Defendant would be to "chill creativity or stifle enthusiasm or advocacy" on behalf of all

attorneys. *Greenberg v. Sala,* 822 F.2d 882, 887 (9th Cir.1987) (refusing to apply Rule 11 sanctions despite factual errors); *Photocircuits Corp. v. Marathon Agents, Inc.,* 162 F.R.D. 449, 451 (E.D.N.Y.1995).

### *CONCLUSION*

For the foregoing reasons, this Court DENIES Defendants' motion to dismiss and DENIES Plaintiff's motion for sanctions.

IT IS SO ORDERED