D. MOTLEY and J. Jamerson by her next friend D. Motley, Plaintiffs,

v.

Bernard PARKS, Willie Williams, Daryl Gates, Gerald Chaleff, Dean Hansell, Herbert Boeckmann, T. Warren Jackson, Edith Perez, Robert Talcott, Raymond C. Fisher, and Twenty–Five Unknown Named LAPD Officers, Lupe Sanchez, Twenty–Five Unknown Named State Parole Agents, Twenty–Five Unknown Named Agents of the BATF, Defendants.

No. CV 00–01472 MMM (BQRx).

United States District Court,
C.D. California.

Dec. 15, 2000.

Stephen Yagman, Kathryn S. Bloomfield, Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiffs.

Christian J. Bojorquez, James K. Hahn, Los Angeles, CA, for Defendants.

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

MORROW, District Judge.

On February 10, 2000, plaintiffs Motley and Jamerson filed this action alleging viola-

tions of their constitutional rights under 42 U.S.C. §§ 1983 and 1985(3). Plaintiffs assert that officers of the Los Angeles Police Department ("LAPD"), a state parole agent, and agents of the Bureau of Alcohol, Tobacco and Firearms ("BATF") illegally entered and searched their home, and unlawfully arrested them. Plaintiffs' § 1983 claims assert that defendants violated and conspired to violate their Fourth and Fourteenth Amendment rights to be free from unreasonable searches and seizures, and not to be subjected to unreasonable and excessive force. Their § 1985(3) claim alleges that defendants conspired to violate their right to equal protection of the laws by discriminating against them on the basis of race.

Plaintiffs' proposed amended complaint seeks to name Gregory Kading, Al Ruegg, Steve Wynn, Paul Mc Connell, James Black, and Lawrence Webster as defendants. It adds no new claims to those presently pleaded. Defendants Bernard Parks and Daryl Gates oppose amendment on the basis that plaintiffs failed to serve summons and complaint on the proposed defendants within 120 days of filing their original complaint. Parks and Gates contend this is required by Rule 4(m) of the Federal Rules of Civil Procedure. Defendant Lupe Sanchez has filed a statement of non-opposition to the motion.

## I. DISCUSSION

### A. Standard Governing Motions For Leave To Amend

■ Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend be freely given whenever justice requires. This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Under Rule 15(a), courts should grant leave to amend as a matter of course until a responsive pleading is filed. See *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992). Once a response has been filed, courts may deny leave to amend where the proposed amendment would be futile, where it is sought in bad faith, or where it will create undue delay. See *id.; Saul v. United States*, 928 F.2d 829, 843 (9th Cir.1991). Courts may also deny

leave when "undue prejudice to the opposing party will result." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir.1973). See also *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

### B. Plaintiffs Should Be Granted Leave To Amend Under Rule 15(a)

Defendants do not argue that the proposed amendment will create undue delay or cause undue prejudice, or that it is sought in bad faith. Rather, they oppose amendment on the basis that plaintiffs failed to serve summons and complaint on the proposed defendants within 120 days of filing their original complaint. Defendants contend this is required by Rule 4(m) of the Federal Rules of Civil Procedure. Rule 4(m) provides, in relevant part:

> "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." FED. R. CIV. PROC. 4(m).

■ Where granting leave to amend is properly granted, and the amendment relates back to the filing of the original complaint under Rule 15(c)(3), there is good cause for extending the time for service under Rule 4(m). See *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 560 (7th Cir.1996); *Wilke v. Bob's Route 53 Shell Station*, 36 F.Supp.2d 1068, 1073 (N.D.Ill.1999). Consequently, the court declines to deny plaintiffs' motion solely on the basis that the proposed defendants will be served beyond the 120-day limit established by Rule 4(m).

### C. Statute Of Limitations And Relation Back Doctrine

■ 42 U.S.C. § 1983 does not contain a statute of limitations. Thus, courts look to

state law to ascertain the appropriate limitations period. In *Wilson v. Garcia,* 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court held that the state statute of limitations that should be applied in § 1983 actions is that governing personal injury actions. In California, the personal injury statute of limitations is one year. CAL. CIV. PROC. CODE § 340(3). Because the allegedly illegal entry and search occurred on March 18, 1999, the statute of limitations governing plaintiffs' § 1983 claim expired on March 18, 2000. Plaintiffs did not seek leave to add the proposed defendants until October 23, 2000. The question thus becomes whether an amendment filed in October relates back to the filing of the original complaint on February 10, 2000, such that it is not barred by the statute of limitations.

Rule 15(c) sets forth the standard governing whether an amendment relates back to the commencement of the action. Rule 15(c)(1) provides that an amendment adding a party will relate back only where (1) the claim asserted in the amended complaint arises out of the conduct or events alleged in the original complaint; and (2) the party to be added received notice of the action within the time period provided by Rule 4(m) for service of process and knew or should have known that, but for a mistake concerning the identity of the proper party, he or she would have been named in the original pleading. FED. R. CIV. PROC. 15(c)(3).

Rule 15(c)(1), however, provides alternatively that an amendment will relate back to the date upon which the original complaint was filed when "relation back is permitted by the law that provides the statute of limitations applicable to the action." FED. R. CIV. PROC. 15(c)(1). The Advisory Committee Notes concerning the 1991 amendment that added Rule 15(c)(1) reflect the intent of this provision. They instruct that if "the controlling body of limitations law ...

affords a more forgiving principle of relation back than the one provided in ... rule [15(c)], it should be available to save the claim." See also *Jones v. Wysinger,* 815 F.Supp. 1127, 1129 (N.D.Ill.1993) ("[A] new subparagraph, 15(c)(1), was added to provide an additional time period if a state statute of limitations were more liberal than the new Rule 15(c)(3). Essentially, the amended Rule 15(c)(1) provides that if the controlling limitations law affords a more forgiving principle of relation back than Rule 15(c)(3), that law will govern"); *Bryan v. Associated Container Transp.,* 837 F.Supp. 633, 643 (D.N.J. 1993) (quoting the Advisory Committee note).

Because California law regarding the relation back of claims is more liberal than the standard set forth in Rule 15(c)(3), Rule 15(c)(1) applies. Cf. *Merritt v. County of Los Angeles,* 875 F.2d 765, 769 (9th Cir.1989) (holding, prior to the 1991 amendment of Rule 15, that "the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S .C. § 1983"); *Cabrales v. County of Los Angeles,* 864 F.2d 1454, 1462 (9th Cir.1988), judgment vacated on other grounds, 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989) (same); *Lindley v. General Elec. Co.,* 780 F.2d 797, 799–801 (9th Cir.1986) (applying Code of Civil Procedure § 474 to a federal § 1983 action).[1]

Under California Code of Civil Procedure section 474, a plaintiff who names a Doe defendant in his complaint and alleges that the defendant's true name is unknown has three years from the commencement of the action within which to discover the identity of the defendant and amend the complaint.[2] See *Lindley, supra,* 780 F.2d at 799 (discussing Code of Civil Procedure § 474). Plaintiffs complied with section 474 when they listed certain LAPD officers, state parole agents, and BATF agents as "unknown" in the caption of the complaint. Additionally,

---

**1.** Both *Cabrales* and *Merritt* determined that the California relation back doctrine applied "despite the fact that substitution of the additional defendants would have violated the notice requirements of the federal rule." *Merritt, supra,* 875 F.2d at 769. "Under California relation-back rules, there is no notice-to-defendants requirement as in the federal rules." *Id.*

**2.** Section 474 provides:

"When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint ... and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly."

plaintiffs brought this motion within three years of filing the complaint. Accordingly, the proposed amendment is proper under section 474 and Rule 15(c)(1) and relates back to the filing date of the original complaint.[3]

## II. CONCLUSION

For the reasons stated above, the court grants plaintiffs' motion to amend complaint to set forth the true names of certain fictitiously-named defendants. Plaintiffs are directed to serve the First Amended Complaint on the newly added defendants within thirty days, and the newly added defendants are directed to file a response to the amended complaint within twenty days after service is effected.

---

**3.** Defendants argue that the court entered an order at the June 12, 2000 status conference requiring that plaintiffs serve Doe defendants prior to the time of the next status conference or suffer their dismissal from the action. The court's comments during the June 12 hearing concerned *named* defendants, not Doe defendants.