**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL N. MARSCHALL,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>RECOVERY SOLUTION SPECIALISTS, INC.; et al.,<br><br>             Defendants - Appellees. | No. 08-55247<br><br>D.C. No. 8:07-cv-00726-JVS-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted September 13, 2010[**]

Before:      SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Carl N. Marschall appeals pro se from the district court's judgment

dismissing his action brought under the federal Fair Debt Collection Practices Act

("FDCPA") and the California Fair Debt Collection Practices Act ("Rosenthal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Act").  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Fed. R. Civ. P. 12(b)(1) or 12(b)(6), *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001), and may affirm on any ground supported by the record, *United States v. Washington*, 573 F.3d 701, 706 (9th Cir. 2009).  We affirm.

The district court properly dismissed Marschall's individual claims against Recovery Solution Specialists, Inc. ("RSS") for lack of subject matter jurisdiction because RSS's offer of judgment was for more than Marschall was legally entitled to recover.  *See* 15 U.S.C. § 1692k(a); Cal. Civ. Code §§ 1788.17 and 1788.30(b); *Chang v. United States*, 327 F.3d 911, 919 (9th Cir. 2003) (case is moot where there remains "no effective relief . . . for the court to provide").  Dismissal of the class claims against RSS was proper because Marschall had a reasonable opportunity to file a motion for class certification but failed to do so.  *See* C.D. Cal. R. 23-3; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.") (citation and internal quotation marks omitted).

The district court properly dismissed Marschall's federal claims against Cedars-Sinai Medical Center ("CSMC") because he added CSMC as a defendant after the statute of limitations had run, and this addition did not relate back to the original complaint.  *See* 15 U.S.C. § 1692k(d); *Lindley v. General Electric Co.*, 780

F.2d 797, 799 (9th Cir. 1986) (failure to notify the newly-named defendant of the institution of the action within the time limits of Fed. R. Civ. P. 15(c) bars the amendment).

Finally, dismissal of the state claims against CSMC for lack of subject matter jurisdiction was proper once the federal claims were properly dismissed. *See* 28 U.S.C. § 1367(c)(3); *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed"). We construe the dismissal of the state claims as being without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.") (citation and internal quotation marks omitted).

Marschall's remaining contentions are unpersuasive.

Ronald N. Sarian's and Astor & Phillips's motion to be relieved as RSS's counsel is granted.

**AFFIRMED.**