St. Marys Bank v. Creme Inc.          CV-96-292-M    08/22/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


St. Mary's Bank

   v.                                         Civil No. 96-292-M

Creme Inc., Individually, and
as it is the General Partner of
Seventh RMA Partners, L.P.; and
Seventh RMA Partners, L.P., Individually


**O R D E R**

   A review of the file in connection with a pending motion to dismiss counterclaims reveals that neither plaintiff St. Mary's Bank nor defendant/counterclaim-plaintiff Seventh RMA Partners L.P. has established that this court has subject matter jurisdiction over its claims.

   Plaintiff's complaint alleges jurisdiction under both the diversity statute, 28 U.S.C. § 1332, and the federal question statute, 28 U.S.C. § 1331. See Complaint at ¶ 11. Plaintiff supports its diversity allegation by implying that, pursuant to 28 U.S.C. § 1332(c), it is a citizen of New Hampshire, see id. at ¶ 4; defendant Creme, Inc., is a citizen of Delaware and New York, see id. at ¶ 5; and defendant Seventh RMA Partners also is a citizen of Delaware and New York, see id. at ¶ 6. Plaintiff bases its federal question allegation solely on the fact that it is seeking declaratory relief under 28 U.S.C. § 2201. See id. at ¶ 11.

   It is clear that plaintiff has not presented the court with a federal question. The federal declaratory judgment act merely creates a remedy; it does not enlarge the jurisdiction of the

federal courts or confer jurisdiction in its own right. See 28 U.S.C. § 2201 (making declaratory relief available in cases "of actual controversy within [the] jurisdiction" of the federal courts); see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950). Subject matter jurisdiction over plaintiff's claims thus turns on whether there is complete diversity of citizenship among the parties to the claims.

While the complaint establishes that plaintiff and corporate defendant Creme, Inc. (general partner of RMA), are diverse, it does not establish that plaintiff and defendant Seventh RMA Partners are diverse. The Supreme Court has held that a federal court must look to the citizenship of a partnership's general and limited partners in making diversity determinations. See Carden v. Arkoma Assocs., 494 U.S. 185, 192-96 (1990). Here, plaintiff has only alleged the citizenship of one of Seventh RMA's general partners; it has not alleged the citizenship of either its other general partners (if any) or its "more than four limited partners." See Complaint at ¶ 7. It therefore has not established that jurisdiction over its claims properly lies pursuant to 28 U.S.C. § 1332.

Defendant/counterclaim-plaintiff Seventh RMA Partners' claim-stating pleading -- which alleges jurisdiction only under the diversity statute -- suffers from the same defect and an additional one. Not only does it fail to specify the citizenship of each partner in Seventh RMA Partners, but it also names as counterclaim-defendants in two of its three counterclaims five

2

John and Jane Doe defendants of yet-to-be-determined identity and citizenship. See Counterclaims at ¶ 4. Obviously, the practice of naming "Doe defendants" in a diversity suit initiated in federal court raises subject matter jurisdiction concerns. Most courts have responded by disallowing the practice. See 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3642, pp. 144-46 (2d ed. 1985); see also, e.g., Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997). Others, though, have permitted it. E.g., Macheras v. Center Art Galleries-Hawaii, Inc., 776 F. Supp. 1436, 1438-40 (D. Hawaii 1991).

In any event, it would be improvident for the court to address the plaintiff's joint motion to dismiss Seventh RMA Partners' counterclaims at this time. The court therefore denies the motion to dismiss counterclaims [document no. 16] without prejudice to its being renewed if the court's subject matter jurisdiction over the counterclaims is first demonstrated. Meanwhile, all parties wishing to pursue affirmative claims must file amended pleadings sufficient to establish the court's subject matter jurisdiction. See Fed. R. Civ. P. 8. Establishing the court's jurisdiction is necessary, but should pose no particular difficulty if it exists. Accordingly, Plaintiff St. Mary's Bank shall do so no later than Friday, September 19, 1997; defendants shall then answer (or otherwise plead) and/or assert any counterclaims by Thursday, October 9, 1997. To the extent that any amended pleadings name one or more

3

Doe defendants, the party filing the pleading should file therewith a memorandum of law arguing the propriety of naming Doe defendants in a case such as this. Any responsive memorandum should be filed within 10 days.

Failure by a party to comply with this order will result in an order dismissing that party's claims for failing to establish subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

**SO ORDERED.**

_____<br>
Steven J. McAuliffe<br>
United States District Judge

August 22, 1997

cc: Kevin M. Fitzgerald, Esq.
    Scott F. Innes, Esq.
    Kevin J. Toner, Esq.