Richard and Candice
**SALZSTEIN, Plaintiffs,**

v.

**BEKINS VAN LINES, INC., et al., Defendants.**

**No. 90 C 5263.**

United States District Court,
N.D. Illinois, E.D.

Sept. 13, 1990.

---

William G. Potratz, Nancy Murray, Bixby, Lechner & Potratz, P.C., Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Richard and Candice Salzstein (collectively "Salzsteins") have just filed suit against a number of common carriers engaged in the shipment of goods by motor vehicle—five named defendants [1] and an unnamed John Doe, as to which Complaint ¶ 8 says this:

> At all relevant times, John Doe, was a corporation and/or partnership doing business as a common carrier in the State of Illinois.

Based on its initial examination of the Complaint,[2] this Court issues this sua sponte opinion to require the curing of some of Salzsteins' mistaken jurisdictional allegations.

Complaint ¶ 9 reads this way:

> Plaintiffs and defendants are citizens of different states and the matter in controversy exceeds the sum of $50,000.00, exclusive of interest and costs. This action arises under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C., sec. 11707. This Court has jurisdiction of this controversy by virtue of 28 U.S.C., sec. 1332.

That mongrelization of the two different potential sources for federal jurisdiction—diversity jurisdiction and federal-question jurisdiction—is echoed elsewhere in the Complaint.

If indeed Salzsteins seek to invoke federal jurisdiction on diversity-of-citizenship grounds (as stated both in the first sentence of Complaint ¶ 9 and the reference to 28 U.S.C. § 1332 [3]), they have failed to set out the necessary facts. Complaint ¶ 1 identifies Salzsteins as Arizona *residents* but is silent as to their *citizenship*, the relevant fact under Section 1332(a)(1). All of the Complaint's allegations as to the corporate defendants identify only the respective states of incorporation without set-

---

1. Salzsteins' Complaint also names "Graebel State Line," which is characterized as "a division of Graebel/Wisconsin Movers, Inc. ..." (Complaint ¶ 6). Salzsteins' counsel must be aware, however, that by definition a corporate division is not a separate legal entity and hence is not suable (Graebel Wisconsin Movers, Inc. is itself one of the named defendants (Complaint ¶ 7)).

2. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir.1986):

    The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

3. All further references to Title 28's provisions will simply take the form "Section—."

ting out the other source of dual corporate citizenship, their principal places of business (Section 1332(c)(1)). And as for the "John Doe" defendant or defendants, the Judicial Code was amended two years ago to provide in Section 1441(a):

> For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

But by its terms that provision is limited to removed cases and does *not* extend to cases originally filed in the federal court, as to which the principle underpinning such cases as *Bryant v. Ford Motor Co.*, 844 F.2d 602 (9th Cir.1987) (en banc) would still appear to apply.[4]

All those pleading defects deprive this Court of independent subject matter jurisdiction over this action in diversity-of-citizenship terms, for federal courts can deal with cases only as Congress specifies (see Sections 1332(a) and (c)) and as a plaintiff's express allegations bring the case within those specifications. See, e.g., 5 Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1208, at 101 & n. 9, 103–04 & n. 12, and cases cited in both notes (1990 ed.); 13 B *id.* § 3611, at 516–18 & nn. 27–29, § 3624, at 610 & n. 20, and cases cited in all those notes (1984 ed. and 1990 pocket part). Federal jurisdiction cannot be based on surmise or guesswork.

■ All this, however, may be quite beside the mark—the product of needless confusion. Salzsteins' Complaint ¶ 9 also identifies this action as arising under the Carmack Amendment. And if *that* source of federal-question jurisdiction indeed applies here, diversity of citizenship is wholly irrelevant and the only question becomes whether there is at least $10,000 (not $50,000) in controversy (Section 1337(a)).

Where that leaves us is this:

1. If Salzsteins have properly invoked the Carmack Amendment,[5] their Count I and Count V claims may remain in this federal court without reference to considerations of citizenship.

2. If that is so and Salzsteins cannot cure their flawed allegations as to citizenship, federal jurisdiction over the common-law claims asserted in Counts II, III, IV and VI must depend on considerations of pendent jurisdiction (also a subject beyond the scope of this initial opinion).

3. If Salzsteins were to prove able to allege complete diversity of citizenship in proper terms, those common law claims would remain part of this lawsuit as a matter of right.

Salzsteins are ordered on or before September 24, 1990 to amend their Complaint in such manner as they find feasible to meet the issues posed by this opinion. This action is set for a first status hearing at 9 a.m. October 10, 1990, by which time all defendants should have been served with process and obligated to file responsive pleadings. If the matters dealt with in this opinion have not been fully addressed before then, they will be considered at that time.

---

**4.** This Court has always viewed the impossibility of demonstrating diversity of citizenship where there are unknown defendants as dooming a plaintiff's access to federal courts on diversity grounds (see, e.g., *John Hancock Mutual Life Ins. Co. v. Central National Bank in Chicago,* 555 F.Supp. 1026 (N.D.Ill.1983), following the then-existing authority from the Ninth Circuit, where the California practice has long embraced the use of "Doe" defendants). Congress' 1988 response to *Bryant* (the Ninth Circuit's definitive adherence to that principle in the removal context) was limited to legislating in the context of removal, to prevent a plaintiff from barring a defendant's access to the federal courts by the simple device of naming "Doe" as another defendant. But the negative inference of such limited legislation is that it works no change (and implies none) where the question is whether the *plaintiff* forfeits such access by the entirely self-controlled decision as to how the complaint should be drawn. Surely no comparable public policy considerations are implicated in *that* question.

**5.** This threshold opinion need not and does not decide that question.