## A. William REID, et al., Plaintiffs,

v.

## "THE WAILERS," etc., et al., Defendants.

### Civil Action No. 2:08cv503.

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 6, 2009.

---

Jeffrey Arnold Breit, Michael F. Imprevento, Breit Drescher & Imprevento PC, Norfolk, VA, for Plaintiffs.

Charles Daniel Saunders, C. Daniel Saunders, Attorney at Law, Chestertown, MD, Curtis Charles Coon, Coon & Cole LLC, Towson, MD, Richard Hooper Ottinger, Vandeventer Black LLP, Norfolk, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

RAYMOND A. JACKSON, District Judge.

Before the Court are Plaintiffs' Motion to Remand, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Defendants' Motion to Change Venue, Defendants' Motion to Abstain, Defendants' Motion to Amend Notice of Removal, and Defendants' Motion to Strike Pre–Removal Discovery. These matters are ripe for judicial determination.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff A. William Reid is a Virginia citizen and resident of Virginia Beach, Virginia. (Compl., ¶ 5.) Plaintiff Rising Tide Productions, LLC ("Rising Tide") is a limited liability company registered and authorized to do business in Virginia, with its principal office in Norfolk, Virginia. (Compl., ¶ 6.) Defendant "The Wailers" is

a musical performance group whose entity status (and therefore citizenship) is in dispute. (Compl., ¶ 8.) Defendant Wailers Management, LLC ("Wailers Management") is a limited liability company registered and authorized to do business in Virginia, with its principal office in Norfolk, Virginia, whose citizenship is also in dispute. (Compl., ¶ 9.) Defendant Bamboula 8, LLC is a Maryland limited liability company with its principal office located in Annapolis, Maryland, authorized to do business in Virginia. (Compl., ¶¶ 15–16.) Defendants Aston "Family Man" Barrett and Jennifer Miller are Maryland citizens, and are agents, employees, and representatives of "The Wallers," Wailers Management, and Bamboula 8. (Compl., ¶¶ 11–14.)

This action was originally filed in the Circuit Court for the City of Norfolk on September 12, 2008, and Defendants were served on October 2, 2008. On October 23, 2008, Defendants filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiffs filed a Motion to Remand on November 3, 2008.

## I. LEGAL STANDARD

■ Federal court subject matter jurisdiction is granted by 28 U.S.C. § 1332, which provides for diversity jurisdiction. Section 1332(a)(1) gives federal courts jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. A civil case commenced in state court may as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally. *Id.* at § 1441. If removal was improper because the federal court lacks jurisdiction, "the case shall be remanded." *Id.* at § 1447(c). Because removal jurisdiction raises federalism concerns, the removal statutes must be strictly construed. *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir.1994). If federal jurisdiction is doubtful, remand to state court is required. *Id.* The court may require the removing party to pay costs and expenses, including attorney fees, incurred due to the removal. 28 U.S.C. § 1447(c).

## III. DISCUSSION

### A. Motion to Remand

In this case, Plaintiffs are seeking to remand to the Norfolk Circuit Court. Plaintiffs argue that remand is appropriate because:here is not complete diversity between the parties, such that jurisdiction based on diversity does not exist. Plaintiffs allege that "The Wailers" and Wailers Management are citizens of Virginia, because both are unincorporated associations with members who are citizens of Virginia. (Pl's Mem. Supp. Mot. Remand, 8, 11.)

■ To establish diversity jurisdiction, the party seeking removal must show that there is "complete diversity" among all parties, such that no party has the same citizenship as any party on the other side. *See* 28 U.S.C. § 332(a); *Baltimore County v. Cigna Healthcare,* 238 Fed. Appx. 914, 920 (4th Cir.2007). The United States Supreme Court has held that while the citizenship of corporations is determined by the place of incorporation, the citizenship of "artificial entities other than corporations" is that of their members. *Carden v. Arkoma,* 494 U.S. 185, 197, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). These artificial entities include, but are not limited to, partnerships and limited liability companies. *See Carden,* 494 U.S. at 197, 110 S.Ct. 1015; *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121–22 (4th Cir.2004); *see generally* Walter W. Jones, *Determination of Citizenship of Unincorporated Associations, For Federal Diversity of Citizenship Purposes, In Actions By or Against Such Associations,* 14 A.L.R. Fed. 849 (2008). Furthermore, citizenship is determined by *all* members of

the association, not just by the citizenship of controlling or managing members. *See Carden*, 494 U.S. at 195, 110 S.Ct. 1015 (holding that the citizenship of a limited partnership is determined by the citizenship of both the general and limited partners).

■ Plaintiffs' first argument is that Reid, a Virginia citizen, is both a Plaintiff and member of Defendant Wailers Management; therefore, Virginia citizenship exists on both sides of the case and the parties are not diverse. (Pls' Mem. Supp. Mot. Remand, 10). Defendants counter that Wailers Management never had an effective operating agreement, but that the last draft of such agreement listed Miller as the sole owner and member of Wailers Management. (Defs' Mem. Opp. Mot. Remand, 4, Ex. C.) [1] Defendants further argue that Plaintiffs have admitted that Miller is the managing member of Wailers Management, and that Plaintiffs should be judicially estopped from asserting otherwise now. (Defs' Mem. Opp. Mot. Remand, 6, 9–10.) Defendants also allege that Wailers Management was dissolved in December 2007 for failure to pay the annual registration fee, and that all of the Wailers Management's affairs and property have passed to Miller. (Defs' Mem. Opp. Mot. Remand, 6.) Finally, Defendants assert that Plaintiffs are caught in a "Catch–22," have acted in bad faith by asserting Reid's membership in Wailers Management now rather than in the Complaint, and are now "attempt[ing] to contradict their Complaint." (Defs' Mem. Opp. Mot. Remand, 11, 13.)

■ Where a member of an LLC sues other members and the LLC, that member's citizenship will be taken into account for the purposes of determining the LLC's membership. *See Gen. Tech. Applications, Inc.*, 388 F.3d at 121 (finding that where Columbia plaintiff sued Virginia defendant and LLC defendant comprised of Columbia plaintiff and Virginia defendant, LLC was a citizen of both Columbia and Virginia and diversity was lacking). In this case, if Reid were a member of Wailers Management, the LLC would have Virginia citizenship, which would defeat complete diversity between the parties.

The Court finds that Defendants have not met their burden to demonstrate complete diversity. Although Defendants emphasize that Miller is the "managing" member of Wailers Management, only *membership* is relevant to this analysis. Moreover, while Defendants claim that Wailers Management is comprised only of one Maryland citizen, Defendants also admit that "since no operating agreement was ever signed for the LLC, it is unclear exactly who its members are." (Defs' Mem. Supp. Mot. Dismiss, 8.) [2] Furthermore, even though Wailers Management was dissolved in December 2007 pursuant to Section 13.1–1064 of the Virginia Code, Defendants have acknowledged that the company is still in the process of winding up. (Defs' Mem. Opp. Mot. Remand, 1 n. 4.) Defendants' mere assertion that all of the LLC's affairs and property have

---

1. In support of this argument, Defendants have provided an affidavit of Miller but not any operating agreement or draft thereof.

2. In a subsequent pleading, Defendants argue that it is only unclear whether *Barrett* is a member of the LLC, but that "there is no doubt that Reid *is not*." (Defs' Mem. Opp. Mot. Remand, 12.) The Court notes that his argument contradicts Defendants' repeated assertions that Miller is the sole member of the LLC. Moreover, this argument fails to explain why Reid is clearly not a member while Barrett's status is unclear, especially since Defendants have acknowledged that Reid was intimately involved with the LLC. According to Miller, Reid "handled all of the LLC's funds" from its inception in November 2002 until June 2006. (Defs' Mem. Opp. Mot. Remand, 4, Ex. C. ¶ 10.)

passed to Miller does not demonstrate that Miller is the sole member of the dissolved LLC. Whether Miller has taken responsibility for winding up Wailers Management or has properly or improperly distributed its assets has no bearing on the LLC's citizenship for federal jurisdictional purposes. Defendants' final argument confuses the burden of asserting federal jurisdiction, as Plaintiffs' Complaint was properly filed in Norfolk Circuit Court and Plaintiffs had no duty to allege that federal jurisdiction was lacking. Plaintiffs now allege that Reid, a Virginia citizen, is a member of Wailers Management, and they have provided ample documentation to support their argument.[3] Since Defendants have not adequately shown that Reid was *not* a member of the LLC, the Court finds that complete diversity is lacking.

Plaintiff's second argument is that "The Wailers" is an unincorporated association with Virginia citizenship because three of its members are Virginia citizens, namely Junior Marvin (Donald Kerr), Drummie Zebb (Ernest Williams), and Rasmel Glover. (Pls' Mem. Supp. Mot. Remand, 11; Pls' Mem. Supp. Mot. Remand, Ex. 2, ¶¶ 22–23; Pls' Rep. Supp. Mot. Remand, Ex. 1, ¶ 3.)

Defendants argue that "The Wailers" is not an unincorporated association but instead a trade name for Barrett, which is not a "citizen" under 28 U.S.C. §§ 1332 and 1441. (Defs' Mem. Opp. Mot. Remand, 15–16.) Defendants argue that "The Wailers" has been judicially recognized as a trade name belonging to Barrett. (Defs' Mem. Opp. Mot. Remand, 17.) Defendants also argue that since Marvin and Zebb are not named Defendants or mentioned in the Complaint, they are not "partners" in "The Wailers," and "The Wailers" is not an association. (Defs' Mem. Opp. Mot. Remand, 16.) Defendants assert that Zebb and Glover were, at best, independent contractors hired as freelance musicians, and that Marvin is not a Virginia citizen. (Defs' Mem. Opp. Mot. Remand, 17.) Defendants further state that Zebb, Glover, and Marvin were all compensated for performing but were not paid profits. (Defs' Mem. Opp. Mot. Remand, Ex. E, ¶ 4.)

The Court finds that "The Wailers" qualifies as an unincorporated association and its citizenship must be determined accordingly. "The Wailers" is an established musical group comprised of various band members. Defendants have provided no evidence demonstrating that "The Wailers" is the trade name of a single individual, namely Aston Barrett, instead of an unincorporated association.[4] Accordingly,

3. Among other things, Plaintiffs have attached as exhibits: (1) an affidavit of Reid detailing his involvement as a member of the LLC; (2) correspondence between the LLC's registered agent and organizer, John Richardson, and Reid where Reid is described as "managing member" of Wailers Mgt., LLC; and (3) correspondence between the Internal Revenue Service and the LLC, addressed to "Reid A Walter Member." (Pls' Mem. Supp. Mot. Remand, Exs. 2, 5, and 6.)

4. Defendants assert that "The Wailers" is a judicially recognized trade name for Barrett, and they have attached an order from the Western District of Washington District Court, docket number CV07 5305 RBL. (Defs' Mem. Opp. Mot. Remand, Ex. B.) In this case, the Court granted summary judgment in favor of the Defendants and dismissed the Plaintiffs' claims of trademark infringement and unfair competition, because the Plaintiffs' claims were barred by the doctrine of laches. The instant Defendants misconstrue this case. First, the named Defendants in this case included multiple members of the band individually and doing business as "The Wailers," "collectively forming the musical performance group 'The Wailers.'" When discussing the use of the name "The Wailers," he Court continually referred to the Defendants in the plural (i.e. "Defendants are also a musical group known as the "Wailers" and "Defendants have been calling themselves the Wailers for decades") and never stated that "The Wailers" is a trade name for Barrett alone.

the citizenship of "The Wailers" must be determined by its members. Plaintiffs have demonstrated that Zebb and Glover were members of this association and that they are residents and citizens of Virginia.[5] While Defendants contend that Zebb and Glover are not full-fledge 1 members of "The Wailers," [6] they have not offered sufficient proof. As the Defendants have not met their burden to show that "The Wailers" is not a Virginia citizen, federal jurisdiction does not exist in this case.

In sum, the Court finds that remand is warranted because there is not complete diversity between the parties. The Court finds that Wailers Management has Virginia citizenship, because Plaintiff Reid is a member. Alternatively, the Court finds that "The Wailers" is an unincorporated association with at least one member who is a Virginia citizen, giving "The Wailers" Virginia citizenship. Defendants have not met their burden to show that jurisdiction exists; accordingly, the case must be remanded.

### B. Attorneys Fees and Costs

In its Motion to Remand, Plaintiffs seek an award of its costs and expenses, including attorneys fees, resulting from the removal. (Pl's Mot. to Remand, 1.) The court may require the removing party to pay costs and expenses, including attorney fees, incurred due to the removal. 28 U.S.C. § 1447(d). The United Slates Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for re-

moval" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Furthermore, the decision of whether the award is appropriate is left to the discretion of the district court. *Id.* at 133, 126 S.Ct. 704. "The appropriate test for awarding fees under 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove...." *Id.*

This Court has generally declined to award attorneys fees unless it was patently obvious that federal jurisdiction was lacking or the notice of removal was filed in bad faith. *See, e.g., U.S. Airways, Inc. v. PMA Capital Ins. Co.,* 340 F.Supp.2d 699, 709–710 (E.D.Va.2004); *Iceland Seafood Corp. v. Nat'l Consumer Co-op. Bank,* 285 F.Supp.2d 719, 727 (E.D.Va.2003); *Tincher v. Ins. Co.,* 268 F.Supp.2d 666, 667 (E.D.Va.2003); *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 511 (E.D.Va.1992).

In this case, the Court finds that the record does not reflect that Defendants removed this case in bad faith or to prolong the litigation. Accordingly, the Court will exercise its discretion to deny Plaintiffs an award of attorneys fees and expenses.

### IV. CONCLUSION

Based on the foregoing reasons, Plaintiffs' Motion to Remand is **GRANTED** and the request for attorneys fees and costs's **DENIED.** Defendants' Motions (# 3, # 4,

---

Second, the issue in this case was *not* whether "The Wailers" was a trade name or unincorporated association, but instead, whether certain claims were time-barred.

**5.** Plaintiffs have provided email and fax records detailing monies owed to Glover and Zebb and their mailing addresses (both in Richmond, Virginia), and an affidavit of Reid

stating that Zebb and Glover are members of "The Wailers" and are residents and citizens of the Commonwealth of Virginia. (Pls' Mem. Supp. Mot. Remand, Ex. 9; Pls' Rep. Supp. Mot. Remand, Ex. 1, ¶ 3.)

**6.** It appears to be undisputed that Zebb and Glover are citizens of Virginia.

# 5, # 8, and # 13) are **DISMISSED** as moot. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Order to counsel for the Plaintiff and Defendants.

**IT IS SO ORDERED.**