**HAI YANG LIU, Plaintiff,**

v.

88 **HARBORVIEW REALTY, LLC, Cheung Yeung, Yan Zhuang, Jia Xi Qui a/k/a Qui Jai Xi, Qian He, individually and as the Administratrix of the estate of You Laing Chen, and John Doe 1–X and Jane Doe 1–X, Defendants.**

**Qian He, individually and as the Administratrix of the estate of You Laing Chen, Counter Claimant,**

v.

**Hai Yang Liu, Counter Defendant.**

**No. 11 Civ. 1033(AT).**

United States District Court,
S.D. New York.

Signed March 12, 2014.

Scott Glen Goldfinger, O'Rourke & De-
gen, PLLC, Vlad Anatole Kuzmin, Kuzmin

& Associates, PLLC, New York, NY, for Plaintiff/Counter Defendant.

Kenneth Kangmin Ho, Attorney at Law, Flushing, NY, for Defendants.

Joseph Sferrazza, Sferrazza & Keenan, Melville, NY, Edward Elkin, Law Offices of Edward Elkin, New York, NY, for Defendants/Counter Claimant.

### MEMORANDUM AND ORDER

ANALISA TORRES, District Judge:

Plaintiff, Hai Yang Liu, brings this action against Defendants 88 Harborview Realty, LLC ("Harborview"), Cheung Teung, Yan Zhuang, Jia Xi Qui, Qian He, John Doe 1–X, and Jane Doe 1–X, asserting eleven claims under New York law. Defendant Qian He counterclaims that Plaintiff is not a member of Harborview. Plaintiff moves for partial summary judgment seeking a declaratory judgment that he is a member. Because of unresolved jurisdictional issues, the motion is DENIED without prejudice and the parties are directed to submit supplemental papers.

### BACKGROUND

This lawsuit involves a series of disputed real estate transactions and investments in New York City. Plaintiff brings this lawsuit against four individual defendants, up to twenty fictitious "Doe" defendants, and Harborview, a limited liability company ("LLC"), invoking subject matter jurisdiction by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff asserts that he immigrated to the United States from China, and resided in the New York City area during the years leading up to this lawsuit, including at a property he claims to have purchased in Brooklyn, at 2977 Fulton Street. Pl. Mot. at 1–3, ECF No. 62. Plaintiff alleges that all defendants, including the Doe defendants, "re-side in the City, County and State of New York." Compl. ¶¶ 4–19.

Despite these New York connections, Plaintiff contends that on February 8, 2011, the date he filed the complaint, he was "a resident of the State of South Carolina." Id. ¶ 2. Annexed to Plaintiff's moving papers are documents indicating that he resided in Brooklyn or the Bronx when he commenced the action. First, an undated document—which purports to be a roster of Harborview members—lists Plaintiff's address as "2977 Fulton St., # 2/F, Brooklyn, N.Y. 11208." Pl. 56.1 Statement Appx., Ex. 4 (the "Membership List"). The Membership List names twenty-five other members of Harborview, some of whom reside in states other than New York—contrary to what Plaintiff alleges in his complaint. Second, Plaintiff submits seven Internal Revenue Service 1065 forms given to him by Harborview, listing partnership income he received for years 2006 through 2012, each of which state that Plaintiff resides at a redacted street address in "Bronx, N.Y. 10451." Id., Ex. 8.

These documents and the issues raised in Plaintiff's motion for partial summary judgment compel the Court to address whether it has subject matter jurisdiction over this lawsuit; there are open questions as to Plaintiff's citizenship, Defendants' citizenship, and the Court's jurisdiction to adjudicate state law claims between potentially non-diverse parties.

### STANDARD OF REVIEW

"The district courts of the United States ... are courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (quotation and citation omitted). They only possess jurisdiction over a matter if they have both constitutional authorization under Article

III and federal statutory authorization. *Id.* Article III, § 2 of the United States Constitution provides federal courts with original jurisdiction over suits, *inter alia,* "between Citizens of different States." Pursuant to 28 U.S.C. § 1332(a), "[a] case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corr. v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (internal quotation marks and citation omitted).

■ "Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation, and a valid objection may lead a court midway through briefing to dismiss a complaint in its entirety." *Gonzalez v. Thaler,* —— U.S. ——, ——, 132 S.Ct. 641, 648, 181 L.Ed.2d 619 (2012). Moreover, if a court becomes concerned about its jurisdiction, it has "an independent obligation to ensure that [it] do[es] not exceed the scope of [its] jurisdiction, and therefore [it] must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki,* —— U.S. ——, ——, 131 S.Ct. 1197, 1202, 179 L.Ed.2d 159 (2011); *see also Alliance of Am. Insurers v. Cuomo,* 854 F.2d 591, 605 (2d Cir.1988) (stating that "a challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the district court.") (citation omitted).

## DISCUSSION

■ At face value, Plaintiff's allegations that he is a citizen of South Carolina and Defendants are citizens of New York are sufficient to establish complete diversity. However, not only are Plaintiff's jurisdictional allegations contradicted by his own documentary evidence, they are insufficient as a matter of law. Although there has been no challenge to the Court's subject matter jurisdiction in the three years since this lawsuit was filed, the Court cannot overlook these defects, even where "many months of work on the part of the attorneys and the court may be wasted." *Henderson,* 131 S.Ct. at 1202.

### I. *Plaintiff's Domicile*

■ "Plaintiffs bear the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. [J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter,* 343 F.3d 619, 623 (2d Cir.2003) (quotation marks and citations omitted; alteration in original). Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced; diversity jurisdiction is not defeated if one party subsequently relocates. *Freeport–McMoRan, Inc. v. K N Energy, Inc.,* 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).

■ The determination of a party's citizenship for purposes of 28 U.S.C. § 1332 is a mixed question of fact and law. *Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir.2000). An individual's citizenship is determined by his or her domicile. *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir.1998). A person's "domicile" is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (quotation marks and citation omitted). At any given time, a person can only have one domicile. *Palazzo,* 232 F.3d at 42. Residence, alone, is not the equivalent of domicile, although it is prima facie evidence of

domicile. *Broadstone Realty Corp. v. Evans*, 213 F.Supp. 261, 265 (S.D.N.Y.1962).

Here, Plaintiff's domicile is uncertain. His allegation that he is a resident of South Carolina is contradicted by the Membership List and the IRS 1065 forms. Drawing inferences against the party asserting jurisdiction, as the Court must, these documents imply that Plaintiff maintained a residence in New York, in at least 2011 and 2012. Accordingly, given these inconsistencies, Plaintiff is directed to submit proof that he was a South Carolina domiciliary at the time this lawsuit was commenced.

## II. *Defendants' Domicile*

█ For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members. *See Handelsman v. Bedford Village Associates Ltd. Partnership*, 213 F.3d 48, 51–52 (2d Cir.2000), *citing Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir.1998); *Strother v. Harte*, 171 F.Supp.2d 203, 205 (S.D.N.Y. 2001). Thus, to invoke this Court's diversity jurisdiction, plaintiff's complaint must allege the citizenship of each member of the limited liability company defendant. *Krause v. Forex Exch. Mkt., Inc.*, 356 F.Supp.2d 332, 336 (S.D.N.Y.2005). Failure to do so may result in the dismissal of the complaint. *Id.*

Plaintiff has named as defendants an LLC, four individuals, and up to twenty Doe defendants, all of whom allegedly were "Members" or "Managing Members" of the LLC and who reside in New York. Compl. ¶¶ 4–19. These allegations, however, are belied by the Membership List. Pl. 56.1 Statement Appx., Ex. 4. Rather than unknown Doe defendants who all reside in New York, the Membership List shows 26 members, some of whom reside in Connecticut, Kentucky, and Minnesota. *Id.* Thus, not only are the allegations in the complaint inaccurate, they are also insufficient as a matter of law. For the reasons discussed below, Plaintiff cannot invoke the Court's diversity jurisdiction where the domicile of an LLC defendant's members is unknown or uncertain. Instead, Plaintiff must provide an accurate and complete list of Harborview's members and their respective domiciles so that the Court can establish whether diversity jurisdiction exists.

Because, by definition, their identity is anonymous, the presence of Doe defendants in federal diversity-based lawsuits is problematic, particularly where the citizenship of an LLC defendant depends upon the citizenship of Doe defendants. *See Rich & Rich P'ship v. Poetman Records USA*, Civ. A. No. 08–42–ART, 2008 WL 1868028, at *2 (E.D.Ky. Apr. 24, 2008). Prior to 1988, it was widely accepted that the presence of Doe defendants destroys diversity—irrespective of whether the case was originally filed in federal court or removed from state court. *See Meng v. Schwartz*, 305 F.Supp.2d 49, 56 (D.D.C. 2004); *Macheras v. Ctr. Art Galleries–Hawaii, Inc.*, 776 F.Supp. 1436, 1438–39 (D.Haw.1991); *see also Fell v. Chandris Lines, Inc.*, 85 Civ. 7012(CSH), 1985 WL 4832, at *2 (S.D.N.Y. Dec. 27, 1985) (the presence of an unnamed defendant defeats removal jurisdiction); *Applegate v. Top Assocs., Inc.*, 300 F.Supp. 51, 53 (S.D.N.Y. 1969) (no original diversity jurisdiction due to joinder of unknown or fictitious defendants) (citing *Molnar v. NBC*, 231 F.2d 684 (9th Cir.1956)). In 1988, Congress amended the removal statute, 28 U.S.C. § 1441, to permit federal courts to exercise removal jurisdiction over state court actions with Doe defendants. *Macheras*, 776 F.Supp. at 1439. Congress intended to overturn cases like *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir.1987) (holding that the presence of Doe defendants

made the case un-removable by destroying diversity), which had encouraged state court plaintiffs to strategically add fictitious defendants in order to prevent cases from reaching federal court. *Macheras,* 776 F.Supp. at 1439; *see also Salzstein v. Bekins Van Lines, Inc.,* 747 F.Supp. 1281, 1283, n. 4 (N.D.Ill.1990) (discussing Congressional intent); *Payich v. GGNSC Omaha Oak Grove, LLC,* 4:12CV3040, 2012 WL 1416693, at *3 (D.Neb. Apr. 24, 2012) (same). However, Congress left the diversity statute, 28 U.S.C. § 1332, untouched.

In the wake of the 1988 amendment of § 1441, courts are divided on the effect of Congress' failure to similarly amend § 1332. In one of the first cases to address the issue, a Hawaii district court found that because both statutes require diversity to access federal court, in order to avoid inconsistency and forum shopping, both statutes should be interpreted to permit Doe defendants. *Macheras,* 776 F.Supp. at 1439–40. To do otherwise, the court reasoned, would lead to the inequitable and inconsistent result whereby a state court defendant may remove a case with Doe defendants to federal court, while a plaintiff cannot originally file the same case in federal court. *Id.* Thus, the court held that "the presence of fictitious defendants neither creates a presumption that diversity is destroyed, nor requires Doe defendants to be named, abandoned, or dismissed in order for a diversity-based claim to be brought in federal court under § 1332." *Id.* at 1440 (citation and internal quotation marks omitted). The court cautioned, however, that "[a] plaintiff who names Doe defendants, files suit in federal court at his peril. If a key party turns out to be nondiverse, the action will be dismissed for lack of jurisdiction." *Id.*

Although the Second Circuit has not weighed in on the issue, a handful of district courts, including some in this Circuit,

have adopted *Macheras'* holding or reasoning. *See, e.g., Johnson v. Rite Aid,* No. 102012(DMC), 2011 WL 2580375, at *1 (D.N.J. June 28, 2011); *Marcelo v. EMC Mortg. Corp.,* No. 10 Civ. 5964, 2011 WL 1792671, at *2 n. 3 (E.D.N.Y. May 6, 2011); *Zaccaro v. Shah,* 746 F.Supp.2d 508, 516 (S.D.N.Y.2010); *Doe v. Ciolli,* 611 F.Supp.2d 216, 219–220, n. 3 (D.Conn. 2009); *Merrill Lynch Bus. Fin. Serv. Inc. v. Heritage Packaging Corp.,* No. 06 Civ. 3951, 2007 WL 2815741, at *3 (E.D.N.Y. Sept. 25, 2007); *W. Weber Co., Inc. v. Kosack,* No. 96 Civ. 9581, 1997 WL 666246, at *3 (S.D.N.Y. Oct. 24, 1997). In following *Macheras'* wait-and-see approach, these courts held that the inclusion of Doe defendants at the pleading stage does not destroy diversity; instead, diversity is destroyed only if an unknown defendant is later found to share plaintiff's domicile. *Merrill Lynch,* at *3; *W. Weber Co.,* at *3.

Numerous courts around the country, however, have rejected *Macheras'* importation of § 1442's amendment into § 1332, reasoning that it is "for Congress to define the jurisdiction of the federal courts, and not for any federal district court to engage in judicial legislation." *Controlled Env't Sys. v. Sun Process Co., Inc.,* 936 F.Supp. 520, 522 (N.D.Ill.1996); *see also Howell by Goerdt v. Tribune Entertainment Co.,* 106 F.3d 215, 218 (7th Cir.1997) (Posner, C.J.); *White v. John Does 1–21,* 13–CV–171–JL, 2013 WL 2177906, at *3 (D.N.H. May 17, 2013); *United Fin. Cas. Co. v. Lapp,* No. 12–CV–00432–MSK–MEH, 2012 WL 7800838, at *2 (D.Colo. Oct. 12, 2012) *report and recommendation adopted,* 12–CV–00432–MSK–MEH, 2013 WL 1191392, at *5–6 (D.Colo. Mar. 21, 2013); *Payich,* 2012 WL 1416693 at *3; *Hung v. Tribal Technologies,* C–11–04990 WHA, 2012 WL 33253, at *3–4 (N.D.Cal. Jan. 6, 2012); *Sinclair v. TubeSockTedD,* 596 F.Supp.2d 128, 132–133 (D.D.C.2009); *Rich & Rich,* 2008 WL 1868028 at *2; *McMann v. Doe,*

460 F.Supp.2d 259, 264–65 (D.Mass.2006); *Meng*, 305 F.Supp.2d at 55–56; *O'Brien v. Alexander*, 898 F.Supp. 162, 174 (S.D.N.Y. 1995); *Salzstein*, 747 F.Supp. at 1283, n. 4. In the absence of Second Circuit guidance, for the reasons discussed in these cases, this Court agrees that § 1332 cannot be invoked where unidentified Doe defendants, integral to determining diversity jurisdiction, are named in the complaint.

First, as a matter of statutory interpretation, it would be improper to import the changes in § 1441 to § 1332, where Congress has given no indication to do so. The starting point for statutory interpretation is the text itself. *Kuhne v. Cohen & Slamowitz, LLP*, 579 F.3d 189, 193 (2d Cir.2009). With respect to Doe defendants, the text of § 1332 is clear. Section 1332(a)(1) requires that diversity suits be brought between citizens of different states. To be sure, Congress was aware of the long established proposition that the party invoking jurisdiction bears the burden of establishing "the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Congress chose to ease this burden on removing state court defendants by taking "fictitious defendants" out of the § 1441 analysis. Congress made no change to § 1332, and there is no basis for inferring Congress' desire to do so. The text of § 1441 is also clear. It limits the fictitious defendant exception to the removal statute, stating, "[i]n *determining whether a civil action is removable* ... the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (emphasis added). Nor is this the rare case where the differential treatment of diversity under § 1441 and § 1332 causes such an absurdly inconsistent result—demonstrably at odds with Congress' intent—that it can be inferred that Congress intended to change § 1332.

*See Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296–97, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006); *In re Stoltz*, 315 F.3d 80, 89 (2d Cir.2002). Faced with plain language to contrary, this Court declines to presume that Congress intended to amend the diversity statute when it amended the removal statute.

Second, the wait-and-see approach to diversity jurisdiction cannot be squared with the Supreme Court's stated preference that the existence of complete diversity be established at the time a lawsuit is filed. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570–71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). "Federal jurisdiction cannot be based on surmise or guesswork." *Salzstein*, 747 F.Supp. at 1283. It "cannot simply be assumed, as [plaintiff] wishes, with discovery then permitted in hopes that a proper basis for jurisdiction can later be ascertained." *Sinclair*, 596 F.Supp.2d at 134. Here, Plaintiff alleges that all members of Harborview are citizens of New York for diversity purposes, while maintaining that they are Doe defendants. This allegation, without more, is "unfounded guesswork," particularly where the Membership List indicates that numerous members reside outside of New York. *See Tribal Technologies*, 2012 WL 33253, at *3–4 (allegations that Doe defendants were individuals or businesses residing in California was "unfounded guesswork" insufficient to confer diversity jurisdiction).

Moreover, there is no need to wait and see, as the parties engaged in extensive discovery leading up to Plaintiff's partial summary judgment motion. Even assuming the Court allows Plaintiff to proceed on such bare jurisdictional allegations, some courts in this Circuit require, at the very least, a factual inquiry into the question of whether the Doe defendants are "nominal parties, irrelevant to diversity jurisdic-

tion." *Schmidt v. Fleet Bank,* No. 96 Civ. 5030(AGS), 1998 WL 47827, at *12 (S.D.N.Y. Feb. 4, 1998) (citing *Howell,* 106 F.3d at 218). That inquiry here is straightforward; in a lawsuit where Plaintiff alleges that an LLC defendant and its members have breached contracts and duties owed to him, the identity of the LLC members is anything but nominal. On the eve of summary judgment, the identity of LLC members, whose citizenship could defeat diversity, must not be guesswork.

Third, as regards the equities of allowing a defendant to remove a case to federal court under § 1441 where a plaintiff cannot originally file the same case under § 1332, such is the statutory scheme Congress has designed. However unfair or inconsistent the result, "the province and duty of [this Court] [is] to say what the law is," *Marbury v. Madison,* 1 Cranch 137, 5 U.S. 137, 177, 2 L.Ed. 60 (1803), not rewrite it. Moreover, plaintiffs who choose federal court—rather than a state court proceeding where Doe defendants are permitted—have other procedural options for adding defendants unknown to them at the time they file the complaint. Federal Rule of Civil Procedure 15 provides several: plaintiff may amend its pleading once as of right pursuant to 15(a); plaintiff may amend its pleading with leave of the court, which should be "freely" given "when justice so requires," pursuant to 15(a)(2); plaintiff may amend its pleading during and after trial with leave of the court pursuant to 15(b); plaintiff may amend its pleading where the amendment relates back to the original pleading pursuant to 15(c); and plaintiff may add supplemental pleadings with leave of the court, "even though the original pleading is defective," pursuant to 15(d).[1] In addition, Rules 19 and 20, which govern required and permissive joinder of parties respectively, provide additional opportunities to add defendants in the course of a lawsuit. Fed.R.Civ.P. 19, 20. Thus, plaintiffs suffer little prejudice by filing in federal court when some defendants are initially unknown. And to the extent this statutory regime causes any prejudice, that is for Congress to remedy, not this Court.

Accordingly, this Court holds that, in the present circumstances, this lawsuit cannot proceed with unknown Doe defendants, whose identity as LLC members is critical to determining this Court's jurisdiction under § 1332. The Court directs Plaintiff to submit proof of the domicile of every Harborview member at the time this lawsuit was commenced.

### III. Subject Matter Jurisdiction Over Plaintiff's State Law Claims

■ Where a member of an LLC sues the LLC, that member's citizenship is taken into account for the purposes of determining the LLC's membership. *Dumann Realty, LLC v. Faust,* 09 Civ. 7651, 2013 WL 30672, at *2, *4 (S.D.N.Y. Jan. 3, 2013); *Reid v. The Wailers,* 606 F.Supp.2d 627, 630 (E.D.Va.2009). Thus, in general, a plaintiff who is a member of an LLC cannot bring a diversity action against the LLC. *Keith v. Black Diamond Advisors, Inc.,* 48 F.Supp.2d 326, 330 (S.D.N.Y.1999);

---

1. Although motions to amend are generally governed by Rule 15, Rule 21 controls if the proposed amendment adds new parties. *Bridgeport Music, Inc. v. Universal Music Grp., Inc.,* 248 F.R.D. 408, 412 (S.D.N.Y.2008) (citations omitted); *Kaminsky v. Abrams,* 41 F.R.D. 168, 170 (S.D.N.Y.1966) ("[T]he specific provisions of Rule 21 govern ... the general provisions of Rule 15 ...."). Pursuant to Rule 21, the court may permit the addition of a party "at any time, on just terms," applying the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Bridgeport Music,* 248 F.R.D. at 412 (citations omitted).

*see also Skaaning v. Sorensen,* 2009 WL 3763056, at \*3 (D.Haw. Nov. 10, 2009) ("if a plaintiff is an owner or member of a defendant LLC, then diversity ... cannot be satisfied.").

Here, Plaintiff's complaint asserts eleven claims against Harborview and its members: breach of contract, breach of fiduciary duty, unjust enrichment, violation of N.Y. LLC Law § 1102, accounting, conversion, diversion of company assets, imposition of a constructive trust, estoppel, preliminary and permanent injunction, and declaratory judgment. Each cause of action is rooted in New York law. The complaint states that Plaintiff invested $350,000 in Harborview in exchange for a five percent ownership interest. Compl. ¶ 24–25. Plaintiff alleges that after his uncle, the original organizer of Harborview—You Laing Chen—died in September 2009, the other members of Harborview refused to acknowledge Plaintiff's ownership interest, provide corporate records, distribute funds, or otherwise communicate with Plaintiff. *Id.* Although Defendant Qian He disputes Plaintiff's membership, *see* Qian He Answer and Counterclaim at ECF No. 28, Plaintiff repeatedly alleges that he is a member of Harborview entitled to be treated equally to the other members. If, in fact, Plaintiff is a valid member of Harborview, then he contributes to Harborview's citizenship such that diversity cannot be established.

Further complicating matters, Plaintiff seeks a declaratory judgment that "he is a member of the LLC, that his ownership interest in the LLC is five (5%) percent, and an order that the Defendants treat him equally to the other members of the LLC." *Id.* ¶ 64. Unlike the state law causes of action that presume Plaintiff's Harborview membership, the declaratory judgment claim requires that the Court examine whether Plaintiff is a member of the LLC, and by implication, the Court's jurisdiction. Although a court always has jurisdiction to determine its jurisdiction, *see Cruz v. Sullivan,* 802 F.Supp. 1015, 1016–17 (S.D.N.Y.1992), the declaratory judgment dispute invites the following problem: if the Court declares that Plaintiff is a member of Harborview, then the Court would be without jurisdiction to decide the remaining state law claims between non-diverse parties; if the Court declares that Plaintiff is not a member of Harborview, the lawsuit effectively ends, with Plaintiff potentially prevented, by *res judicata* or collateral estoppel, from relitigating these issues in state court.

Given that the lion's share of this lawsuit involves state law causes of action over which, taking Plaintiff's allegations as true, this Court lacks subject matter jurisdiction, the Court is reticent to resolve the related declaratory judgment dispute. Case law suggests that a plaintiff cannot use a declaratory judgment claim to federalize state law claims between non-diverse parties. *See Bartfield v. Murphy,* 578 F.Supp.2d 638, 651 (S.D.N.Y.2008) (dismissing plaintiff's claim for declaratory judgment regarding his rights as an LLC member where adjudication of that claim required joinder of an LLC whose presence would defeat diversity). Even here, where Plaintiff's membership and entitlement to the defendant LLC's assets is in dispute, the Court is hesitant to evaluate a declaratory judgment claim where doing so would provide an end run around the diversity statute. *Id.* at 651 ("Plaintiff's characterization of his claim as one for declaratory relief does not remedy" his inability to join a non-diverse LLC as a defendant).

The parties' declaratory judgment dispute—whether Plaintiff Liu is a member of Defendant Harborview—raises two questions: (1) whether, for jurisdictional

and prudential reasons, the Court should adjudicate Plaintiff's declaratory judgment claim; and (2) assuming Plaintiff is a member of Harborview, whether the Court has jurisdiction to adjudicate Plaintiff's remaining state law causes of action. Because the Court has raised these matters *sua sponte*, the parties are ordered to brief these issues as set forth below.

## CONCLUSION

1. **By April 14, 2014,** Plaintiff shall submit (a) documentation (affidavits, declarations, and any other evidence, accompanied by a memorandum of law) regarding (i) his domicile and (ii) Defendants' domicile; and (b) a memorandum of law addressing the two questions raised by the Court: (i) whether, for jurisdictional and prudential reasons, the Court should adjudicate Plaintiff's declaratory judgment claim and (ii) assuming Plaintiff is a member of Harborview, whether the Court has jurisdiction to adjudicate Plaintiff's remaining state law causes of action.

2. By **May 5, 2014,** Defendants shall submit opposition papers (including a memorandum of law);

3. By **May 19, 2014,** Plaintiff shall submit his reply.

Plaintiff is advised that failure to provide the requested proof may result in dismissal of this action under Federal Rule of Civil Procedure 41(b). Plaintiff's motion for partial summary judgment is DENIED without prejudice. The Clerk of the Court is directed to terminate the motion at ECF No. 57.

SO ORDERED.